## SHERWOOD *vs.* STEVENSON.

The action of *scire facias* against a garnishee, is not an original action, but a proceeding auxiliary to, and instituted for the enforcement and collection of, the judgment in the original suit on which it is founded.

Therefore, where a city court, the jurisdiction of which is limited to cases where at least one of the parties resides, and the cause of action arises, within the city, has rendered judgment in a suit of foreign attachment properly brought before it, it has jurisdiction also of the proceeding of *scire facias* founded thereon, although the demand upon the garnishee on the execution, and his refusal to pay over the moneys in his hands, constituting an essential part of the cause of action, may have occurred without the limits of the city.

Jurisdiction over the action of *scire facias* in such a case, depends less upon the laws prescribing the jurisdiction of the court, than upon the effect to be given to the statute of foreign attachment.

And in determining that effect, with reference to the question of jurisdiction, the rule that nothing is to be presumed in favor of the jurisdiction of an inferior court has no application, that rule being one of pleading only; while the effect to be given to the statute depends on ordinary principles of construction.

A plea to the jurisdiction of the court, and a plea in abatement of the writ for matters consistent with the jurisdiction, are in their nature repugnant, the one denying and the other impliedly admitting jurisdiction, and where pleaded together, the latter, which in the order of pleading is a later plea, supersedes the former.

A., residing within the city of Bridgeport, brought to the city court of that city, of the limited jurisdiction above stated, a factorizing suit against B. as defendant, and C. as garnishee, both B. and C. residing without the city, and the declaration not alleging that the cause of action arose within the city. Both B. and C. suffered a default, and judgment was rendered for the plaintiff. Demand was made on the garnishee, without the limits of the city, and an action of *scire facias* instituted against him in the city court; to which he pleaded, at the same time, to the jurisdiction of the court, and in abatement of the writ for an informality in the issuing of the same. The court overruled the former plea, and found the allegations of the latter untrue. He then moved that the cause be erased from the docket for want of jurisdiction, which motion being denied, he pleaded to the merits, and judgment was rendered against him. He then brought a writ of error to the superior court, assigning as error, that it did not appear by the declaration in the *scire facias*, that the cause of action therein arose within the city, or that the court had jurisdiction of the case. On a motion in error from the judgment of the superior court, affirming the judgment of the city court: Held, 1. That the proceeding in the original action, if the cause of action was within the jurisdiction of the court, was effective as an attachment of the debt due from C. to B. under the statute of foreign attachments, for the purpose of appropriating the same to the payment of the judgment recovered.

2. That if the court had jurisdiction of the original proceeding, it had also jurisdiction of the action of *scire facias* founded thereon. 3. That though the omission, in the declaration in the original action, of the averment that the cause of action arose within the city, was a fatal defect, as showing want of jurisdiction, if it had been properly taken advantage of, yet the omission, in the declaration in the *scire facias*, of a like averment as to the cause of action in the original suit, did not show a want of jurisdiction in the court over the latter action, but only rendered the cause of action insufficient, of which advantage could be taken, (the court noticing no errors not specially assigned,) only by assigning the insufficiency of the cause of action, and not the want of jurisdiction, as the error. 4. That the plea to the jurisdiction was properly overruled, even supposing it to be sufficient in itself, as by pleading in abatement of the writ, the defendant had waived it. 5. That the motion to erase from the docket was properly denied, since the action of *scire facias* appeared sufficiently to be within the jurisdiction of the court.

The city court, on the trial of the action of *scire facias*, having been held by the recorder and one alderman only, while the city charter provides that the court shall consist of the recorder and two aldermen, and the fact appearing on the record of the judgment and being specially assigned as error,—it was held, that while it was unnecessary for the record to state the names and number of the judges who tried the case, and therefore questionable whether such statement constituted any part of the record, and while the judgment might be sustained by the intendment, to the contrary of which nothing appeared, that it was not possible to supply another judge; yet that the plaintiff in error, by submitting to the action of the court, without taking exception at the time, had waived his right to object to the mode in which it was constituted ; the objection being to the mere organization of the court, and not to its jurisdiction, and therefore a proper subject of waiver.

THIS was a writ of error brought to the superior court for the county of Fairfield, to reverse a judgment of the city court of the city of Bridgeport, in a proceeding of *scire facias* brought by the defendant in error against the plaintiff in error.

The original judgment on which the proceeding of *scire facias* was founded, was rendered by the city court in a suit brought by the present defendant in error against one Franklin Sherwood, of Fairfield, in said county, as defendant, and Fanny Sherwood, the present plaintiff in error, also of said Fairfield, as garnishee. The plaintiff was described as residing in the city, but the cause of action was not described as having accrued within its limits. Both defendant and garnishee suffered a default.

By the charter of the city, sec. 10th, the jurisdiction of the

Sherwood *v.* Stevenson.

city court is limited to cases where the cause of action arises, and at least one of the parties resides, within the limits of the city.

To the action of *scire facias*, the defendant had pleaded, at the same time, 1st, to the jurisdiction of the court, that the cause of action had not accrued within the limits of the city; and 2d, in abatement, that the writ was not taken out from the clerk of said city court, and was not signed by him by his name and style of office, as it should have been. To the first plea the plaintiff demurred, and traversed the second. The court held the plea to the jurisdiction insufficient, and found the allegations of the plea in abatement untrue, and ordered the defendant to answer over. The defendant then moved that the cause be erased from the docket, for want of jurisdiction apparent on the record, which motion was denied; and the defendant thereupon pleaded that she was not indebted to the said Franklin Sherwood at the time when the factorizing service was made upon her, upon which an issue was closed to the court, which was decided against the defendant, and judgment rendered for the plaintiff.

It appeared, by the record of the judgment of the city court, that the court was holden at the time of the trial and judgment, by the recorder of the city and one alderman. The charter of the city provides that the court shall consist of the recorder and two aldermen.

The assignment of errors in the writ of error was as follows: 1st, That it did not appear by the declaration in the *scire facias*, that the cause of action therein arose within the city, or that the court had jurisdiction of the cause. 2d, That the plea to the jurisdiction was improperly overruled. 3d, That the motion that the cause be erased from the docket, was improperly denied. 4th, That the city court was not legally constituted, and therefore could not legally render the judgment.

The superior court, at its session in the county of Fairfield, in March, 1856, affirmed the judgment of the city court, and the plaintiff in error brought the case before this court by motion in error, assigning as error the decisions of the

superior court in affirming the errors assigned in the writ of error.

*Sturges,* for the plaintiff in error.

I. The city court had not jurisdiction of the cause, and erred in overruling the plea to the jurisdiction.

1. By the charter of the city, jurisdiction is given to the city court, only where the cause of action arises within the city. Charter, sec. 10. Private Acts, vol. i., p. 356. The cause of action is not merely the judgment recovered against the original defendant, but the indebtedness of the garnishee, the service of the attachment on her, demand on her with the execution, and her refusal to pay. *Douglas* v. *Forrest,* 4 Bing., 686. The proceeding by foreign attachment is, as to the garnishee, a mere attachment of a debt or goods in his hands. Rev. Stat., tit. i., sec. 229. See also ed. 1808, p. 61. The law which now authorizes a disclosure on the original process, has not altered the character of the proceeding. The proceeding is *in rem,* and the *situs* of the debt is the place where the debtor resides. 10 Mass., 343. 21 Pick., 263. 15 Pick., 445. 22 Conn., 248, 257. Story, Confl. Laws, secs. 383, 539, 549. 1 Com. Dig., Abt. D. 1 Ld. Raym., 346. The proceeding is borrowed from a custom of London, 1 Sw. Dig., 584. By that custom, the garnishee must reside within the city. 4 Man. & Grang., 933. 3 Ad. & El., N. S., 802. 7 Eng. L. & Eq., 340. The whole cause of action must arise within the jurisdiction. 1 Root, 282. 22 Eng. L. & Eq., 148. 29 id., 269, 280, 426. 1 Saund., 73. 1 Sw. Dig., 606. 2 Bing., 213. Kirby, 27. 4 Conn., 376. 1 Seld., 106, 164. 4 id., 254, 260. It is in effect a suit by the defendant in the name of the plaintiff. Drake's Attach., 523. The original defendant may sue the garnishee, subject to the rights of the plaintiff in the foreign attachment. *Hicks* v. *Gleason,* 20 Verm., 139.

2. The city court is an inferior court. 1 Sw. Dig., 606. 13 Ad. & El., N. S., 1. Nothing issuable done out of the jurisdiction can be tried. Com. Dig. Pl., S. 15. 3 Comst., 132. And when a question arises on trial, of which the court

has not jurisdiction, it is ousted of its jurisdiction altogether. 16 Eng. L. & Eq., 232.   7 id., 455.   1 T. R., 552.

3. A *scire facias* is an action, and may be pleaded to, like any other action.   Coke Lit., 290 b., 291 a.   1 T. R., 268. 2 id., 413.   6 John., 106.   2 Ld. Raym., 1048, 1252.   1 Hill, 339.   1 Brod. & Bing., 381.   Com. Dig. Pl., 3, L. 3.   13 Maine, 36.   2 Saund., 6,71.   6 Conn., 59, 62.   9 Cow., 227. 5 Cranch., 185.   Defendant may plead in abatement or bar. Com. Dig. Pl., 3,   L. 10, 11.   11 Ad. & El., 179.   1 Sw. Dig., 754.   2 Kern., 156, 164.   In *scire facias* against bail, the latter may attack the judgment.   4 Cow., 457.   The law as to bail and garnishee is the same.   4 Cush., 420.   1 Root, 557.   Com. Dig. Pl., E., 18, & 2 W., 12.   9 Cow., 227.

II. The declaration must allege that the original cause of action arose within the jurisdiction.   3 Comst., 192.   2 Seld., 176, 179.   9 Wend., 233.   The legal presumption is against the jurisdiction, and it must be pleaded.   Gould Pl., 233, 238. 1 Chit. Pl., 475.   16 How., 104.

III. Want of jurisdiction can not be waived.   3 Comst., 132, 137.   20 Conn., 343, 348.   6 Wend., 367.

IV. The court was not so constituted as to acquire jurisdiction.   All the triers must assemble, and the action of the majority controls.   1 Bos. & Pul., 229, 235.   6 John., 39. The presumption " *omnia rite acta*," &c., does not arise till jurisdiction is shown.   13 Ad. & El., N. S., 42.   7 Cow., 530, (note.)   21 Wend., 178, 182.   23 id., 324, 326.   3 Denio, 594.   4 id., 125.   2 Pick., 70.   11 Pick., 441.

*Treat* and *Blake*, for defendant in error.

I. The city court properly decided the plea to the jurisdiction insufficient, because, 1st.   The *scire facias* being a judicial writ, furnished by statute to enforce a judgment, has properly no independent " cause of action."   *Ingram* v. *Belk*, 2 Strobh., 207.   2d. If it has, it can only be the refusal of the garnishee to respond to the execution ; and this need not " arise " (i. e., occur) within the limits of the city.   Rev. Stat., tit. i., sec. 230.

HARVARD LAW SCHOOL LIBRARY

II. The city court properly denied the motion to erase from the docket, because, 1st. Its allegations are untrue. All the statute requisites for the *scire facias* are set out in the declaration. 2d. The process is shown to be founded on the judgment rendered by the same court, in a jurisdiction exercised. Where the question of jurisdiction in a new and separate action is raised, there will be no intendment either for or against its own jurisdiction by an inferior court. But every court will intend, until otherwise alleged, that its own proceedings and judgments are valid, and will take notice of its own records. Especially the proceedings, judgments and records in the original cause. *Bradford* v. *Bradford*, 5 Conn., 127. These proceedings can not be impeached collaterally. *Cross* v. *Hall*, 4 Md., 426. *Wight* v. *Warner*, 1 Doug., (Mich.,) 384. *Clark* v. *Holmes*, 1 ib., 390. 3d. The court will not erase from the docket except for clear want of jurisdiction in fact, which fact must appear on the face of the record. The court will never go beyond the record on such a motion. Mere formal defects in the declaration, not absolutely inconsistent with jurisdiction, must be pleaded in abatement. 2 Sw. Dig., 612, 619. *Saunders* v. *Denison*, 20 Conn., 521.

III. As to constitution of city court. 1st. A majority of the court is sufficient. *Crone* v. *Daniels*, 20 Conn., 331. 2d. If not, the plaintiff in error not having objected at trial, can not do it now. *Selleck* v. *Sugar Hollow Turnpike Co.*, 13 Conn., 453. *Wetmore* v. *Plant*, 5 Conn., 541. *Bowen* v. *Argall*, 24 Wend., 496. *Waterbury* v. *Darien*, 9 Conn., 252. *Dorman* v. *Turnpike Co.*, 3 Watts., 126. *Bradley* v. *Steel*, Hardin, 559. *Reading* v. *Metcalf*, Hardin, 535. *Kincaid* v. *Higgins*, 1 Bibb., (Ken.,) 396.

STORRS, C. J. This is a motion in error, brought to revise the judgment of the superior court, affirming the judgment of the city court of the city of Bridgeport, rendered in an action of *scire facias*, in favor of the plaintiff therein, (the defendant in error,) against the defendant, (the plaintiff in error,) to recover of the defendant the amount of a debt due from her

to a debtor of the plaintiff; the declaration setting forth an attachment of such debt in the hands of the defendant, under our statute of foreign attachment, in a suit brought to said city court by the plaintiff against said debtor, the recovery of a judgment in that suit, and the requisite proceedings on the execution issued on that judgment, in order to render the defendant in said action of *scire facias,* liable to pay to the plaintiff the amount of said debt.

It being a rule, in this and the superior court, that on a writ of error, or motion in error, no matters of error or defects in the proceedings of the court below, relied on as a ground of reversal, shall be heard or considered by the court, excepting those which shall be specially assigned, (18 Conn., 572,) we shall, in revising the judgment of the superior court which is complained of, confine ourselves to a consideration only of the errors which were specially assigned in the writ of error brought to that court from the judgment of the city court.

The error first assigned is that the declaration in said action of *scire facias* is insufficient, in that it does not appear thereby that the city court had jurisdiction of said action, or that said cause of action arose within said city.

The first ground, on which the plaintiff in error attempts to sustain this claim, is that, by the charter of the city of Bridgeport, it is provided that its city court shall have jurisdiction only in causes where one of the parties resides, and the cause of action arose, within its limits; and that some of the facts constituting the cause of action on this *scire facias,* against the defendant therein, especially the demand of and refusal by her to pay the debt for which it was sought to render her liable as garnishee, took place, not in said city but in Fairfield, where she resided.    This claim involves the question, whether on an action properly brought to said city court, against a defendant residing out of the limits of the city, a debt due to him by a person also residing out of those limits, can be attached and appropriated to the payment of the judgment recovered in such action, under our law of foreign attachment; for, as it can be so appropriated only by a proceeding by *scire facias,* returnable to the same city

court, by the provisions of that law that remedy must fail in that case, if the court has not jurisdiction of that proceeding. As the jurisdiction of the other city courts in the state is also subject to the limitation which has been mentioned, this question becomes one of much importance.

We think that the claim of the defendant, on this point, is not sustainable.

That limitation of the jurisdiction of the city court was intended to apply only to original, primary actions brought to that court. If a proceeding by *scire facias*, to enforce one of its judgments, were such an action, there would be much weight in the objection that some of the essential facts which constitute the cause of action upon it, took place out of the limits of the city. That proceeding, however, is not one of that character. It is founded, indeed, upon an original and primary action and a judgment rendered on it, and is itself properly termed an action, and treated as such, sometimes being considered as an original action, and at others as an action in the nature of an original action; but, although it is thus treated, it is really only a proceeding auxiliary to, and instituted by statute for the enforcement and collection of, the judgment rendered in the original action on which it is founded, by appropriating to the satisfaction of that judgment a particular species of the defendant's property, which could not be reached by the ordinary process of execution, but which justice and the general policy of our law require should be made liable to his debts, equally with any other of his property.

It being a proceeding of this description, the jurisdiction of the city court over it, in the present case, depends, in our judgment, rather on the effect to be given to the statutes providing for the collection and enforcement of judgments, and particularly on that part of the statute of foreign attachment by which the proceedings in garnishment are for that purpose instituted, than on the provisions of the charter of the city conferring jurisdiction on the city court, which, we can not but think, were designed rather to give to that court the power of determining the rights of the parties in the pri-

mary and original action to be brought to that court, than the particular mode by which its judgments should be enforced. The general statutes, providing for the enforcement and collection of the judgments of courts, were sufficient and ample as to the latter object; they are general and broad in their language, and are not limited to claims prosecuted in any particular court, and were, in our opinion, intended to be applicable as well to debts sued in the city court, and the judgments rendered upon them, as to those prosecuted and recovered in any other court.

If the means of collecting debts, provided by our law of foreign attachment, are not available to the fullest extent to suitors in our city courts, the benefits contemplated by the establishment of those courts would be essentially impaired. We can discover no reason why these courts, in this respect, should be more restricted in their powers or jurisdiction than others. The jurisdiction claimed for the city court by the defendant in error in this case, has uniformly been exercised by these courts without objection or question, ever since their first institution, the jurisdiction of all being given in substantially the same terms. Although, as to the construction of pleadings, it is a rule that nothing shall be intended by presumption to be within the jurisdiction of an inferior court, in the absence of averments showing such jurisdiction, and that therefore all the facts necessary to give jurisdiction to such a court must be expressly stated, there is no similar rule applicable to the construction of statutes, on which a question of the existence of jurisdiction arises; but, in their construction, the ordinary rule prevails, as in statutes on other subjects, that the intention of the legislature is to be ascertained by the language and reason of the law, in connection with its policy and design. On this ground we are, therefore, of opinion that the cause of action is to be deemed to have arisen within the city of Bridgeport, notwithstanding the proceedings of the officer against the garnishee (the plaintiff in error) without its limits.

It is also insisted, under the first assignment of errors, that it does not appear by the declaration on the *scire facias*, that

the city court had jurisdiction of the cause of action set forth in said writ of *scire facias*, because it is not alleged therein that the note, on which the original action was brought in the city court, in which the plaintiff in error was factorized, was executed within the limits of the city of Bridgeport, which was confessedly necessary in order to give jurisdiction of that action to the city court. It is to be observed, that the objection here is not that, for the want of such allegation, it did not appear, as it should have done, in the declaration in the original action in that court, that the note was executed in the city, and therefore that that court had not jurisdiction of that action. No such error is here assigned. If it had been assigned for error that the declaration on the *scire facias* was insufficient, for the reason that it does not thereby appear that there was such jurisdiction of the original action, we are unable to see how that objection could have been answered; for, if the city court had not jurisdiction of that action, its judgment in it would have been void and would have laid no foundation for an action of *scire facias* against the garnishee, and the declaration in the *scire facias* would have been insufficient, because it would have disclosed no cause of action against him.

The plaintiff in error would have prevailed on such an objection, simply for the insufficiency of the declaration in *scire facias*, on its merits, in not setting forth a fact which was indispensable to the creation of a liability on his part on such *scire facias*, viz., the prior recovery, in the city court, of a valid judgment. The declaration in the action of *scire facias* was demurrable, not because the city court had not jurisdiction in that proceeding, to determine whether a sufficient cause of action was disclosed therein, but because no such cause of action was set forth, for the want of an averment that that court had jurisdiction in the original action.

But the objection made on this assignment of errors is not that that court had not jurisdiction of such original action, or that the declaration in the action of *scire facias* is insufficient, but that that court had no jurisdiction of the

Sherwood *v.* Stevenson.

action of *scire facias;* that is to say, had no right to deter-
mine whether the plaintiff therein had any cause of action
against the defendant. The right to determine that question
would presuppose, and, indeed, constitute jurisdiction. That
that court had the right to determine that question, and
therefore had jurisdiction of the action of *scire facias,* we
have no doubt, and, indeed, results from what has been said
on the preceding point. We can not think that the judg-
ment in the action of *scire facias* was an absolute nullity, as
it would be if, as is insisted, the court had no jurisdiction of
that action. The declaration was fatally defective for the
reasons before stated, and should have been adjudged so on
demurrer; or on a writ of error the judgment might have been
reversed for that defect: it was, however, not void, but only
voidable, and was good until so reversed. But it is scarcely
necessary to say that a court is not deprived or ousted of its
jurisdiction in a suit, by the circumstance that the declara-
tion does not disclose a good cause of action, and is there-
fore demurrable. The objection we are considering is, there-
fore, untenable.

The question on the second assignment of errors is,
whether the city court properly overruled the plea to its juris-
diction. It appears by the record in this case, that together
with that plea, and at the same time, a plea in abatement,
properly so termed, that the *scire facias* was not taken out
from, and signed by, the clerk of said court, as the law
required, was pleaded by the defendant below; which first
plea was demurred to, and the latter traversed, by the plain-
tiff. The first plea was overruled, and the facts alleged in
the other found to be untrue, and the defendant was ordered
to answer over, which was done, and the case was subse-
quently disposed of on a plea to its merits.

Without considering the sufficiency of the plea to the
jurisdiction, if it had been pleaded by itself, and supposing
that, in that case, it would be unexceptionable, it is quite
clear that, between that plea and the plea in abatement, there
was a manifest repugnancy, as the latter plea impliedly
admitted the jurisdiction of the court, which the former

denied. According to the established rules as to the mode and order of pleading, which disallow of repugnant pleas, and forbid a plea, by way of defense, which denies facts admitted by the defendant in his previous pleas, it was incompetent for the defendant, either to plead the two pleas to the jurisdiction and in abatement together, or to interpose his plea to the jurisdiction after he had pleaded that plea in abatement; although it would have been competent for him first to plead to the jurisdiction, and that being sustained, afterwards to plead the matter which he set up in abatement. A plea to the jurisdiction, although popularly termed a plea in abatement, and sometimes, for convenience, treated of among such pleas, and though the effect of sustaining either is substantially the same, is not, technically and properly, a plea of that character. By the order of pleading, a plea to the jurisdiction is the first plea to be interposed, and therefore it must precede a plea in abatement, because the latter impliedly admits jurisdiction, which the defendant is therefore afterwards precluded from denying. Hence the defendant below, if he had intended to rely upon a want of jurisdiction in the city court, should have pleaded only to the jurisdiction, and if that plea was overruled, then interposed his plea in abatement, instead of pleading, in connection with the first, the latter plea, by which the fact of jurisdiction denied in the first was admitted. There is an obvious incongruity in trying at the same time an issue or issues which both admit and deny that the court has jurisdiction of the case. The question of jurisdiction should be first determined. The effect of the plea in abatement in this case, as it admitted the jurisdiction of the court, was, in our opinion, to supersede or waive the matters set up in the plea to the jurisdiction; and the latter plea was therefore properly disregarded or overruled; and the authorities on this subject decisively sustain this conclusion.

If it is conceded, as is supposed in the third assignment of errors, that the denial of the motion to erase the case from the docket would, if erroneous, be a proper ground for the reversal of the judgment of the city court, it results from

what we have said under the second assignment of errors, that it did not appear from the writ of *scire facias* or the declaration therein, that the court had not jurisdiction of that action or proceeding, and therefore that the motion to erase it was properly denied.

The error last assigned is, that it appears from the record in this case that, when the judgment in question was rendered, the city court was not legally constituted, because there was then present, besides the recorder of the city, only one alderman, instead of two as the charter requires. It was clearly unnecessary for the record to state the names or the number of the judges who were present when the judgment was rendered, and it would be free from any objection if that part of it had been omitted. But if, which is very questionable, that statement is to be considered as properly a part of the record, we think that the objection founded on it is obviated by adopting the reasonable intendment—against which nothing appears—that it was not possible, as we can well conceive it might not have been, to supply another person who could sit as judge; in which case we are of the opinion that the court might legally be holden by the recorder and one alderman only. But, if another judge could have been supplied, we think further that the exception on account of his absence was one which could be waived by the parties; and that their appearance before those judges who were present, and submitting to their action in the case, without objection, constituted such a waiver. The objection is not to the jurisdiction of the city court, which confessedly had cognizance of the action, but only to the manner in which it was organized in regard to the persons composing it. We think that the case, therefore, falls within the reason of those cases where it is decided that the parties may waive the absence of a part of a jury, or board of auditors, rather than of those where there was an entire want of jurisdiction in the court or tribunal, and in which it was held that it could not be conferred or waived by the consent or agreement of the parties.

The judgment complained of is therefore affirmed.

In this opinion the other judges, HINMAN and ELLSWORTH, concurred.

Judgment affirmed.