JOHN W. GAFFNEY ET AL. *vs.* JOSEPH TAMMANY ET UX.

Third Judicial District, Bridgeport, April Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under Chap. 181 of the Public Acts of 1895 it is essential to the jurisdiction of the District Court of Waterbury that at least one of the parties should reside within that judicial district. Upon a plea to the jurisdiction it was *held* that the assignment of a *chose* in action to a resident of the district merely to enable him to bring a suit thereon in his own name but for the use and benefit of the nonresident assignor, did not constitute such assignee " the equitable and *bona fide* owner" of the claim, nor give the court jurisdiction of the cause.

The equitable and *bona fide* owner of a *chose* in action is the genuine, honest, real and beneficial owner, the one to whom the equities belong, and not a make-believe owner.

Submitted on briefs April 17th—decided May 1st, 1900.

ACTION to recover damages for breach of contract, brought to the District Court of Waterbury and tried to the jury before *Bradstreet, J.;* verdict and judgment for the plaintiff for $900 damages, and appeal by the defendants for alleged errors in the rulings and charge of the court. *Error.*

The case is sufficiently stated in the opinion.

*John H. Light*, for the appellants (defendants).

*John O'Neill*, for the appellees (plaintiffs).

ANDREWS, C. J. Catherine Martin is the executrix named in the will of one Bridget Gilhuly, late of Norwalk. That will has been duly established. On the 7th day of January, 1898, she executed and delivered to the plaintiff in this case a writing as follows:—

"In the fall of 1882 Joseph Tammany and Mary Tammany made a contract with Bridget Gilhuly to provide her a comfortable home and support during the remainder of her life, and to pay her funeral expenses at her decease. It

is claimed that the Tammanys did not perform their contract to support, nor pay said funeral expenses.   The rights of the deceased and of the executrix under said contract I hereby assign and transfer to John W. Gaffney, who is to bring suit against the Tammanys on said contract in his own name, and after deducting all the loss, cost, and expenses which he may be at in the prosecution of said action, any balance that may remain shall be returned to me.

"Dated at Bristol, January 7th, 1898.

                    "CATHERINE MARTIN.   [L. S.]
        "CATHERINE MARTIN, as executrix of the said
            BRIDGET GILHULY, late of Norwalk, deceased."

In the complaint it is alleged that the plaintiff is now "the equitable and good faith owner of said *chose* in action."   The present action was made returnable to the District Court of Waterbury on the first Tuesday of February, 1898.   On the 31st day of January, 1898, a few days before that term of court, Catherine Martin filed a motion to be made a party plaintiff in said action, alleging therein that as executrix of Bridget Gilhuly she had an interest in the subject-matter of said suit and in obtaining the judgment therein demanded.

The defendants pleaded in abatement—really a plea to the jurisdiction of the court.   The plea sets forth generally that none of the persons interested in the said cause of action, other than Mr. Gaffney, are resident within the district of Waterbury, and that the said court has no jurisdiction over them or any of them, nor of said cause of action, and that Mr. Gaffney is not the equitable and *bona fide* owner of the *chose* in action.   It is admitted that none of the persons interested in this suit, other than the plaintiff, reside in the district of Waterbury.   The question, then, turns entirely upon the correctness of the averment as to the ownership by the plaintiff of the cause of action sued on.   If Mr. Gaffney is not "the equitable and *bona fide* owner of the said *chose* in action," then the court had no jurisdiction and the plea in abatement should have been sustained.

We think the court erred.   The plea in abatement should

have been sustained. The facts show that Mr. Gaffney was not the equitable and *bona fide* owner of the chose in action on which the suit is brought. To be the equitable and *bona fide* owner of a *chose* in action one must be the real owner of it, the one to whom the equities belong; the owner in his own right and for his own benefit; not accountable to any one else; the genuine, honest, sincere owner and not a make-believe. Mr. Gaffney was not such an owner of the *chose.* The assignment itself, the motion by Mrs. Martin to be made a party plaintiff, as well as the finding of the court, show that Mrs. Martin was and has been at all times the real owner of this cause of action, and that Mr. Gaffney was not. *Olmstead* v. *Scutt,* 55 Conn. 125. He was the owner only for the purpose of bringing the action. He had no beneficial interest in the matter. *Metropolitan Life Ins. Co.* v. *Fuller,* 61 Conn. 252, 262.

The District Court of Waterbury had no jurisdiction over the action. The case should have been dismissed. There is error.

In this opinion the other judges concurred.