MAXWELL SLADE vs. OTTO P. ZEITFUSS.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A resident of New York, who had a claim for rent against a resident of Greenwich in this State, made a formal assignment of the claim to the plaintiff, an attorney at law in New Haven, for the sole purpose of having the latter bring a suit thereon in his own name in the City Court of New Haven, which would have had no jurisdiction of the cause had suit been brought by the assignor. The defendant pleaded to the jurisdiction, alleging that the plaintiff was not the real and *bona fide* owner of the claim, but that the assignment was a mere device for the purpose of securing a trial before a court which had no authority to hear and determine the cause. *Held* that upon proof of these allegations, which were denied by the plaintiff, the trial court properly dismissed the cause for lack of jurisdiction.

An assignment of a non-negotiable chose in action, for the sole purpose of giving effect to an agreement which is contrary to public policy, does not make the assignee the "equitable and *bona fide* owner" of the chose in action, within the meaning of that expression in General Statutes, § 631.

In the present case it was agreed that the plaintiff was to pay all the necessary expenses of suit, and to receive one half of the net amount

realized, in full payment for his services past and future. *Held* that whether the facts found were sufficient of themselves to bring the plaintiff clearly within the penalty of the statute against maintenance (§ 1351), the agreement disclosed by the record was certainly contrary to the rule of policy established by our common law and recognized by the statute.

This court upon appeal is not limited, in support of the judgment, to such reasons or considerations as were entertained by the trial court. If its conclusion is valid, it must stand, without regard to the sufficiency of the reasons advanced therefor.

Argued November 10th—decided December 16th, 1904.

ACTION to recover for rent, by an assignee of the claim, brought to the City Court of New Haven where the defendant filed a plea in abatement to the jurisdiction, which was sustained, *Dow, J.*, from which judgment the plaintiff appealed. *No error.*

*Benjamin Slade*, for the appellant (plaintiff).

*John Keogh*, for the appellee (defendant) was stopped by the court.

HAMERSLEY, J.   The non-negotiable chose in action upon which this suit is brought is a claim for money which became due from the defendant to Lewisohn Brothers for the use and occupation of their store in New York by the defendant. At the commencement of the action, Lewisohn Brothers, or their legal representatives, were residents of New York. The defendant was a resident of Greenwich, in the county of Fairfield. The property attached consisted of a stock of goods, situate in the defendant's store in Greenwich. The nominal plaintiff was a resident of the city of New Haven. The City Court of New Haven has no jurisdiction of a cause where both parties are nonresidents and no property within the city limits is attached. Unless the plaintiff was the equitable and *bona fide* owner of the chose in action sued upon, the City Court had no jurisdiction, but the Court of Common Pleas for Fairfield county, or the Borough Court of Greenwich—where the defendant resided—had jurisdiction.

The plea in abatement alleges, in substance, (1) that the plaintiff assignee is not the equitable and *bona fide* owner of the chose in action sued upon ; (2) that the assignment to the plaintiff was made for the sole purpose of enabling the plaintiff to bring suit on the claim in his own name, and of thus procuring the City Court to try a cause of which it did not in reality have jurisdiction. No question is raised as to the form of the plea, or as to this mode of presenting the questions, but the plaintiff denied these allegations. The trial court found these issues of fact for the defendant. The judgment for the defendant followed as the necessary legal consequence of this finding. The appeal record discloses the subordinate facts from which the court drew these conclusions of fact. The only question of law we can pass upon is that urged in the plaintiff's brief, namely: the subordinate and evidential facts appearing in the record as found by the court are legally inconsistent with the ultimate facts found.

It appears that Maxwell Slade, an attorney at law resident and practicing in New Haven and also having an office in New York, was employed by one Hugo S. Mack, an attorney in New York and the local attorney of Lewisohn Brothers, in respect to the collection of their claim against the defendant, to render his professional services to Lewisohn Brothers, in the collection of the same claim, said Mack having authority from Lewisohn Brothers, as their attorney, to so employ Slade ; that in pursuance of such employment Slade, when he was in New York, had some consultations with Mack as to the collection of this claim, and also some correspondence with him and with the defendant; that after said consultations and correspondence, Mack, acting under the same authority as attorney for Lewisohn Brothers, made on their behalf and in their name an agreement with Slade which was in substance as follows: Slade was to undertake the collection of the claim, and for that purpose to commence a suit against the defendant in Connecticut; he was also to pay the necessary expenses of the suit and to save Lewisohn Brothers harmless therefrom; the money

that might be collected from the enforcement of the claim, after deducting therefrom said expenses, was to be divided equally between Lewisohn Brothers and Slade; and the net proceeds of the collection were to be received by Slade in full compensation of his services already rendered in said consultations and correspondence, and of his services to be rendered in the prosecution of said suit. Lewisohn Brothers on December 4th, 1903, made in writing an assignment to Slade of their claim against the defendant, and there was no consideration for this assignment other than said agreement. Shortly after the assignment, Slade commenced this action in his own name in the City Court of New Haven, attaching the property of the defendant situate in Greenwich.

From this state of facts the court might reasonably infer that the agreement between Slade and his clients for the collection of their debt and the division of the proceeds was the real transaction between them, and that the assignment was merely an unnecessary security for the execution of their agreement, with no apparent significance or purpose, unless to enable Slade to attempt, as he did, to secure the trial in the City Court of a cause of which that court had in reality no jurisdiction. A transaction of this kind does not make the assignee the equitable and *bona fide* owner of the chose in action, within the meaning of § 631 of the General Statutes. *Beach* v. *Fairbanks*, 52 Conn. 167, 174; *Gaffney* v. *Tammany*, 72 id. 701, 702; *Devine* v. *Warner*, 75 id. 375, 381, 76 id. 229, 235; *Uncas Paper Co.* v. *Corbin*, 75 id. 675, 677. An assignment of a non-negotiable chose in action, for the mere purpose of giving effect to an agreement which is contrary to public policy, does not make the assignee the equitable and *bona fide* owner of the chose assigned, so that he can bring an action upon it in his own name. CHIEF JUSTICE SWIFT said that the purchase of a law suit by an attorney is champerty in its most odious form. "As a sworn minister of the courts of justice, the attorney ought not to be permitted to avail himself of the knowledge he acquires in his professional character to

speculate in law suits." 2 Swift's Dig., s. p. 57. Partly in affirmance of this rule of policy, the legislature has enacted that an attorney who, with intent to make gain by the fees of collection, purchases and sues upon any choses in action, shall be fined not more than $100. General Statutes, § 1351.

Whether or not the facts disclosed by the record are sufficient of themselves to bring the plaintiff clearly within the penalty of this statute, we think that the agreement between the plaintiff and his client, which the record does disclose, is contrary to the rule of policy established by our common law and recognized by the statute.

There is nothing in the claim urged by the plaintiff, that this court cannot, upon appeal, entertain considerations in support of the judgment which do not clearly appear to have occurred to the trial court. A valid conclusion of a trial court from facts lawfully found must stand, upon appeal, even when that court has given reasons for reaching its conclusion which may be insufficient. *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 205.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.