LEVENTHAL FURNITURE COMPANY, INC. *vs.* CRESCENT FURNITURE COMPANY, INC.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

344

Argued April 7th—decided May 14th, 1936.

*David R. Lessler,* for the appellant (plaintiff).

*Arthur B. Weiss,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action claiming to own the debt in suit by virtue of an assignment made to it by Harry M. Leventhal.   It is alleged in the complaint that on December 18th, 1934, Leventhal, in consideration of $1 and other valuable considerations, assigned the claim to the plaintiff by a written assignment annexed to the complaint and that

the plaintiff was the actual bona fide owner of the claim. The defendant filed simultaneously a plea to the jurisdiction and a plea in abatement containing the same allegations, to wit: That the defendant did not reside within this jurisdiction; that the plaintiff was not the bona fide owner of the claim sued upon; and that the sole purpose of the assignment was to give the court jurisdiction over a certain judgment claim of the defendant within this jurisdiction. The plaintiff admitted the first allegation in each plea but denied the remaining allegations. Section 5531 of the General Statutes provides that: "The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name; but he shall in his complaint allege that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto." The trial court heard evidence upon the pleas, concluded that the plaintiff was not the actual, real bona fide owner of the claim and adjudged that the writ abate and be dismissed.

From the finding the following facts appear: Leventhal, until May 13th, 1933, had been doing business under the trade name of "Leventhal Furniture Company." On that day the plaintiff corporation was organized and practically all of the capital stock in it is owned by Leventhal and his wife. Leventhal was at the time the corporation was organized personally indebted to the defendant, a foreign corporation. On May 14th, 1934, the defendant commenced an action against him. A counterclaim was filed in which it was alleged that the defendant was indebted to Leventhal. At the trial the counterclaim was withdrawn due to the inability of counsel to produce certain evidence necessary to support the claim and judgment was entered for the defendant, plaintiff in that action, to recover the full amount of the debt alleged. The action was de-

fended by Leventhal in his own name and at no time during that trial and prior to the plea in abatement in this action did he claim that he was not the bona fide owner of the claim or that any assignment had been made prior to December 18th, 1934. On that date, which was the day of the trial, Leventhal executed the assignment of the claim here in suit to the plaintiff. The only consideration for the assignment was the giving of a check for $1, made by Leventhal and payable to himself, which was delivered as part payment on account thereof. On December 21st, 1934, the plaintiff commenced the present action, directing in the writ that it be served upon Leventhal and Richard Oppel, Incorporated, as garnishees, and notice of the pendency of the action was given the defendant by registered mail. At the time service was made the only asset of the defendant which was attached was the judgment it had previously obtained against Leventhal. Leventhal then made application to the court under the statute that execution of the judgment secured by the defendant against him be stayed on the ground that it had been garnisheed and the court granted a stay.

The plaintiff seeks to make a large number of additions to the finding and attacks certain of the statements in it. As far as the claimed additions are concerned, many of them have no basis on the record except certain evidence which was admitted and later stricken out by the court and the others are either incorporated in substance in the finding or are not relevant to the issues determinative of the case. That the summary of evidence in the record states that certain evidence was offered does not mean that the trial court necessarily accepted that evidence as true. No change can be made in the finding which would materially affect the issues decisive of the case.

The plaintiff claims that the pleadings of the defendant were so fatally defective as not to raise the issue decided because of the simultaneous filing of the plea in abatement and that to the jurisdiction. *Sherwood* v. *Stevenson,* 25 Conn. 431, 442, states the common-law rule that where a plea to the jurisdiction and a plea in abatement are filed simultaneously the former is regarded as superseded by the latter. But when our Practice Act was adopted in 1879 it provided that "If the defendant shall desire to plead to the jurisdiction or in abatement, or both, he shall take such exceptions in one plea," in a form incorporated in the statutes; that form reads as follows: "The defendant pleads in abatement, because (Here state all the particular exceptions to the jurisdiction, and causes of abatement, and how the plaintiff might, or should, have brought his action in order to avoid them, if they are such as could have been avoided);" and this provision has ever since continued. General Statutes, § 5506. Nor do our rules distinguish between the two pleas. Practice Book, §§ 83, 85. A plea to the jurisdiction as such is not improper; see Practice Book, Forms 325, 326; but a plea in abatement may raise any issue going to the jurisdiction of the court. Hence, even if we should apply in this case the principle stated in *Sherwood* v. *Stevenson,* and regard the plea to the jurisdiction as superseded by the plea in abatement, the defendant could properly raise the issue decided under the latter.

The real issue in the case was whether the assignment of the claim to the plaintiff complied with the statute; whether the plaintiff was or was not a resident of Connecticut or might have been sued here as a foreign corporation doing business in the State, was immaterial except as that fact was involved in the determination of the bona fides of the assignment;

and defects which might have attended its allegations as a plea based upon the nonresidence of the defendant are not of consequence. The allegation that the plaintiff was not "the bona fide owner of the claim sued upon" did not stand alone but was followed by a statement that the sole purpose of the assignment was to give the court jurisdiction of the claim and this was a sufficient compliance with the rule stated in *Rogers* v. *Hendrick,* 85 Conn. 260, 270, 82 Atl. 586, that such a plea should allege as a fact the claimed unlawful purpose of the assignment. That the plea did not allege in the precise words of the statute that the plaintiff was not "the equitable and bona fide owner" of the claim is a circumstantial defect of which the plaintiff cannot take advantage after filing a denial of the allegation and contesting the issue at the trial without objection to its sufficiency. *Lovejoy* v. *Isbell,* 73 Conn. 368, 374, 47 Atl. 682; *Hourigan* v. *Norwich,* 77 Conn. 358, 363, 59 Atl. 487; *Johnson* v. *Shuford,* 91 Conn. 1, 5, 98 Atl. 333. There was no such material defect of pleading as would invalidate the judgment.

The defendant is admitted to be a foreign corporation and nothing in the record suggests that the courts of this State would have had jurisdiction over it except by reason of the garnishment of the debt owed to it by Leventhal. The finding justifies the conclusion of the trial court that the purpose of the assignment was to give to the court jurisdiction of the claim by virtue of that garnishment and that the plaintiff was not the equitable and bona fide owner of the claim within the meaning of § 5531 of the General Statutes. *Gaffney* v. *Tammany,* 72 Conn. 701, 46 Atl. 156; *Uncas Paper Co.* v. *Corbin,* 75 Conn. 675, 678, 55 Atl. 165; *Slade* v. *Zeitfuss,* 77 Conn. 457, 59 Atl. 406.

The plaintiff complains, however, of the action of the court in striking out certain evidence which it

offered and which it claimed to be material to the issues in the case. No stenographer took notes at the hearing and the matter is not as clearly presented as it would have been had one been present. The claim of the plaintiff in its brief is that this evidence would tend to show that when the plaintiff corporation was organized Leventhal agreed to turn over to it all his accounts receivable, including the claim against the defendant, in consideration of the defendant assuming his debt; that a year later, in May, 1934, he did transfer to it his accounts and in return the corporation assumed and paid his debts and issued to him stock in the corporation; and that the assignment alleged in the complaint was made because there was no previous assignment which specifically identified this claim. This evidence would have tended to show that the plaintiff acquired title to the claim not later than May, 1934, and that the assignment referred to in the complaint was merely evidence of the former transaction. The complaint alleges with precision that on December 18th, 1934, the date of that assignment, Leventhal assigned the claim to it by that instrument. The evidence stricken out would not support but would contradict the allegations of the complaint. The specific requirement in the statute that an assignee suing on a claim shall in his complaint set forth when and how he acquired title thereto makes such an allegation a material element in the case; and in the situation before us the admission of the evidence claimed would have imposed upon the defendant a very different burden of proof from that it assumed under the case as stated in the complaint, that is, to prove a lack of bona fides in an assignment other than that alleged. The trial court could not well do otherwise than sustain the defendant's objection for the reason that the facts offered in evidence were not

within the proper scope of the complaint in a material respect. *Henry* v. *Kopf,* 104 Conn. 73, 78, 131 Atl. 412; *McGann* v. *Allen,* 105 Conn. 177, 191, 134 Atl. 810. The evidence excluded by the trial court, offered to show that the plaintiff conducted and paid for the defense in the action brought by the defendant against Leventhal, would be relevant to substantiate the claim of the plaintiff that the debt sued upon was in fact assigned to it before the assignment upon which it rests its present claim, but would not materially affect the issues as made by the complaint.

There is no error.

In this opinion the other judges concurred.