JOSEPH E. KELLEY v. BOARD OF ZONING APPEALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 8—decided June 5, 1940.

*Franklin Coeller,* for the appellant (plaintiff).

*Vincent P. Dooley,* with whom, on the brief, were *Harold C. Donegan* and *David M. Reilly,* for the appellee (defendant).

MALTBIE, C. J.   The complaint in this action, in the nature of an appeal from the board of zoning appeals of New Haven, is in two counts. The first recites that on February 16, 1937, the board granted permission to George W. Lyons to use a building in a "Residence C District" for ornamental iron and structural steel work, a nonconforming use, provided that use should not constitute a nuisance and subject to further modification or revocation of the permission by the board at any time; that the board acted arbitrarily, illegally and so unreasonably as to have abused its discretion in granting that permission; and that the use permitted to Lyons "has been abandoned by him and terminated either to the Bilco Manufacturing Company or the Builders' Iron Company, Inc." The second count incorporated by reference the allegations of the first, and then stated that on August 6, 1939, the plaintiff, claiming to be aggrieved, petitioned the board to reopen the matter and revoke the permission granted Lyons, but that the board denied that petition and in so doing acted arbitrarily, illegally and unreasonably. As no appeal was taken from the decision of the board granting permission for the use in question, within the time allowed by the charter, it is conceded that so much of the complaint as is in the

nature of such an appeal presented nothing for the determination of the court. As regards the attempted appeal from the denial by the board of the petition to it to revoke that permission, the defendants filed a plea in abatement on the ground that no appeal lies under the charter of the city of New Haven from the denial of such a petition, and after certain interlocutory proceedings, this plea was sustained by the trial court. From that decision the plaintiff has filed this appeal.

The charter of the city of New Haven provides for the establishment of a zoning system in the city and the adoption of a zoning ordinance. The building inspector of the city is the administrative officer charged with the enforcement of the ordinance. The charter further provides for the appointment of a board of zoning appeals and for an appeal to it by "any person, claiming to be aggrieved by any order, requirement or decision" of that administrative officer; and also that the board "may reverse or affirm, in whole or in part, or may modify such order, decision or requirement appealed from, and it shall have all the powers of the authority from whose decision such appeal shall have been taken." 19 Special Laws, pp. 1007, 1008. A right of appeal from any decision of the board to the Superior Court is granted to any aggrieved person. It was agreed on argument that the board has no original jurisdiction but can act only upon an appeal from an order or ruling of the building inspector.

The fact that the plaintiff did not appeal from the original decision of the board would not of itself have debarred an appeal from the refusal of the board to revoke the permission it had granted if the condition attached to that permission was violated. The plaintiff might, for instance, have been content to have Lyons use the premises for the purpose specified, so

long as that use did not constitute a nuisance, in the belief that, if it did, the board would, under the power it reserved to itself, revoke the permission, and he might not feel so aggrieved as to wish to appeal until there was a failure to revoke it.

The ground upon which the plea in abatement was ultimately sustained was substantially that an appeal to the Superior Court from a decision of the board would lie only where the board had exercised its authority in acting upon an appeal to it from a decision or ruling of the building inspector, and that the denial of the plaintiff's petition was not within the scope of the appeal to the Superior Court allowed by the charter. Obviously there is something wrong in the result which would follow from this ruling. If the board was authorized to make such an order as it did, for instance, it might, under the reservation it made, revoke the permission it granted to Lyons at any time, and no matter how improperly or illegally it had acted, Lyons would have no redress. If the board had the right to attach to such permission a continuing reservation of power to act further in the matter, it might reserve the power to revoke that permission if more than a certain portion of the premises was used for it, and even though the owner of the premises acted strictly in accordance with that condition, the board might revoke the permission at any time and he would have no redress. Again, where the building inspector had granted permission for a particular use of the premises, the board might, in a decision sustaining the ruling, reserve the right to revoke that permission at any time should changed conditions arise, and there would be no appeal from their action in subsequently revoking it, no matter how arbitrarily or illegally they acted. Even if such a result were

legal, it would be contrary to the spirit of zoning regulation as we have adopted it in this state.

If the board had the power to reserve the right to revoke at any time in the future permission for a use it had granted upon an appeal to it from the building inspector, it may well be that an appeal would lie from its action in so doing, for, as the board has no original jurisdiction, that action would necessarily relate back to the appeal from the inspector to it, upon which its decision would be predicated. But however that may be, it is very clear that unless the zoning ordinance contains some provision giving the board other powers, the charter contemplates that any proposed change in permissible uses must first be acted upon by the building inspector. For the board to reserve to itself the right to take further action at any time in the future might seriously trench upon the authority vested by the charter in the building inspector. This is not to say that the board may not, upon an appeal to it, attach conditions to a grant of permission for changes in buildings or for certain uses of the premises, but it may not reserve to itself the power to determine in the future whether those conditions have been violated. If a question arises whether or not they have been, interested parties might properly bring the matter before the building inspector and request that, as the condition upon which the permission was granted had been violated, he enforce the provisions of the zoning ordinance without regard to it, and from his decision in the matter an appeal to the board would lie.

So much of the decision of the board in this case as reserved to it the right at any time to modify or revoke the permission granted Lyons was beyond the power of the board, and is void. So much of that decision as made it a condition of the granting of the

permission that the use to be made of the premises should not constitute a nuisance, is valid; but the proper way in which to raise the question whether that condition has been violated is by a petition to the building inspector that, if he find this to be so, he make an order forbidding the use of the premises in a way contrary to its provisions; and though the plaintiff may not maintain this appeal he is not without redress. The board had no right to act upon his petition that it revoke the permission granted Lyons upon a finding by it that he had violated the condition that the use should not constitute a nuisance. The appeal to the Superior Court from the denial of that petition lacked any proper basis. The plea in abatement was properly sustained and it is of no consequence that the trial court placed its decision upon another ground. *Slade* v. *Zeitfuss*, 77 Conn. 457, 461, 59 Atl. 406; *Woodward's Appeal*, 81 Conn. 152, 168, 70 Atl. 453.

The situation here presented is not like those before us in *St. Patrick's Church Corp.* v. *Daniels*, 113 Conn. 132, 154 Atl. 343, and *Burr* v. *Rago*, 120 Conn. 287, 180 Atl. 444. Both of these cases arose under the charter of the city of Hartford, which vests original power in the board of appeals with reference to the matters involved in them and which in this respect materially differs from the authority vested in the board of zoning appeals of the city of New Haven. Moreover, in the first case the board did not, when the petition in question first came before it, act upon it, but later took the matter up again and then reached its decision; and in the second case the board acted upon successive independent petitions, each seeking permission for the same use of the premises, denying that permission in the first two instances but granting it in the third. No purpose would be served by com-

menting upon the assignments of error as to other matters than those directly involved in the substantial issue presented, whether any appeal lay from the action of the board in the premises.

There is no error.

In this opinion the other judges concurred.