## LAURA HAVERIN
### *vs.*
## WILLIAM L. WELCH, EXTR.
### (Appeal from Probate)

Superior Court　　　　Hartford County　　　　File No. 63784

MEMORANDUM FILED DECEMBER 9, 1940.

*Ernest D. Clark, Jr.,* of Cornwall, for the Plaintiff.

*William M. Harney,* of Hartford, specially for the Defendant.

CORNELL, J.　On the record it appears that the Court of Probate for the District of Hartford, on September 14, 1939, made a decree approving a document submitted to it as the last will and testament of James G. Lacey, deceased, and ordering it admitted as such, and that on September 13, 1940, it denied an application filed by the appellant in which it was petitioned to "re-open, modify or revoke" such decree of September 14, 1939. From this latter order or decree, the plaintiff (appellant) has appealed. Her interest in the matter is stated to derive from her status as an heir-at-law and next of kin of the testator. The instant pleading raises no question that she is a party who may be "aggrieved" by the admission of the will to probate, nor that in taking her appeal she has satisfied all of the procedural requirements. The questions which it proposes both go the jurisdiction of this court to entertain the proceeding, since in one it is urged that the probate court, itself, was without power to grant the relief which plaintiff (appellant) sought of it and from the denial of which the appeal is occasioned, and in the other that the action of the probate court in approving the will was not *ex parte* within the meaning of section 4779 of the General Statutes, Revision of 1930, under the contended authority of which this appeal is taken.

It is thus apparent that the claimed jurisdictional lack, if it exists, appears on the record. To reach such a defect, the appropriate motion is one to erase. *Pettee vs. Hartford-Connecticut Trust Co.,* 105 Conn. 595, 610. As a plea in abatement, the pleading is insufficient. It neither alleges facts which do not appear of record, nor does it point out defects in the proceedings themselves which if remedied would perfect them. *Leventhal Furniture Co., Inc. vs. Crescent Furniture Co., Inc.,* 121 Conn. 343, 347; *Tweedy vs. Jarvis,* 27 id. 42, 44.

For the reasons noted, the plea in abatement is overruled.