## MINNIE G. HYATT
*vs.*
## WALLINGFORD GAS LIGHT CO., INC., ET AL.

Superior Court        New Haven County        File No. 60335

## MEMORANDUM FILED JULY 2, 1941.

*Campner, Pouzzner & Hadden,* of New Haven, for the Plaintiff.

*Walter T. Walsh,* of New Haven, for the Defendants.

KING, J. The plaintiff, a resident of Wallingford, Connecticut, sued the defendant Standard Gas Equipment Corporation (hereinafter referred to as the defendant) and the defendant Wallingford Gas Light Co., Inc. The latter corporation is also a resident of Wallingford, and is not involved in the determination of the present plea.

No attachment of the defendant's property within this State was made (*Harris vs. Weed,* 89 Conn. 214, 221; *Barber vs. Morgan,* 84 id. 618, 620; Gen. Stat. [1930] §5714), but service of summons was purportedly made within Connecticut on the Secretary of State under section 3489 of the General Statutes, Revision of 1930, and on one Wachtellhausen, claimed to have been the defendant's agent, to accept service.

The defendant filed a plea in abatement and to the jurisdiction, each and every allegation of which was admitted by the plaintiff in an answer thereto, as on file. The plea alleged, in substance, that the defendant was a Maryland corporation, that it had not appointed the Secretary of State its agent to accept service of process, that it had not given Wachtellhausen such authority and that Wachtellhausen occupied none of the positions or relationships with respect to the defendant enumerated in the last three sentences of section 5469 of the General Statutes, Revision of 1930. The defendant was a foreign corporation as defined in section 3486 of the General Statutes, Revision of 1930.

Under these circumstances the court had no jurisdiction to render an *in personam* judgment against the defendant and, in the absence of an attachment of its property located within this State, no jurisdiction to render any judgment against it at all. *FitzSimmons vs. International Association of Machinists,* 125 Conn. 490, 493.

Whether the defendant has violated section 3491 of the General Statutes, Revision of 1930, is immaterial in the decision of this plea, and depends upon whether or not it has been "transacting business" within this State. *Alfred M. Best Co., Inc. vs. Goldstein,* 124 Conn. 597, 601.

The combined plea to the jurisdiction and in abatement was unnecessary, but not improper. *Leventhal Furniture Co., Inc. vs. Crescent Furniture Co., Inc.,* 121 Conn. 343, 347.

Judgment may be entered sustaining the plea to the jurisdiction and in abatement.