## BELLE HAVEN LAND CO.
*vs.*
## VICTORY SALES, INC., ET ALS.

Superior Court          Fairfield County          File No. 63473

MEMORANDUM FILED DECEMBER 9, 1941.

*Pullman & Comley,* of Bridgeport, for the Plaintiff.

*Mark C. Candee,* and *Anderson & St. John,* of Greenwich, for the Defendants.

McEVOY, J. 1. By the terms of section 85, Practice Book of 1934, it is provided that "All pleas in abatement or to the jurisdiction must be filed on or before the opening of the court on the day following the return day of the writ, or if such plea is based upon the allegations of an amended or substitute complaint, within one week after the amendment or substitute complaint is filed."

2. Section 86, Practice Book of 1934, in its third paragraph, provided [prior to September 1, 1935] as follows: "No pleading shall be filed after the lapse of the time within which it should have been filed under these rules, except on order of court or on written consent of the adverse party or his attorney."

3. Chapter 123 of the Public Acts of 1923 is now section 5534 of the General Statutes, Revision of 1930. In the first sentence of the present section 5534 it is provided that "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court, provided no written motion for judgment by default or nonsuit for failure to plead shall have been filed with the clerk of the court in which such cause shall be pending."

4. On June 3, 1935, section 86, Practice Book of 1934, above cited, was amended by striking out the last paragraph there-

of and this amendment was made effective as of September 1, 1935.

5. The effect of this amendment of section 86 was to recognize, as effective, the statutory superceding of section 86, as it appears in the first paragraph of section 5534 of the General Statutes, Revision of 1930, and to leave the whole matter as regulated by statutory enactment as distinguished from judicial rule. Whether the Legislature has authority to supercede the action of the judges in making rules for the Superior Court is not pertinent to the present decision.

6. In this action "no written motion for judgment by default or nonsuit for failure to plead" has been filed with the clerk of this court.

The Practice Act which was adopted in 1879 provided that "If the defendant desires to plead to the jurisdiction, or in abatement, or both, he shall take such exceptions in one plea."

This provision has ever since continued and is now section 5506 of the General Statutes, Revision of 1930.

7. The moving defendants have followed this course and have combined the plea to the jurisdiction and in abatement in one proposed plea. *Leventhal Furniture Co., Inc. vs. Crescent Furniture Co., Inc.,* 121 Conn. 343, 347.

8. Pleas in abatement do not meet with favor.

9. In the present motion the defendants move for "permission" to file the dual pleading.

10. In argument upon this motion the moving defendants asserted that, by virtue of the provisions of section 5534 of the General Statutes, Revision of 1930, these defendants may file this pleading as a matter of right and without the permission of the court.

11. Under all the circumstances, there is no claim that the disposition of this motion rests in the discretion of the court.

It would seem to be in order that the Clerk of the Superior Court file the offered dual plea and that the court refrain from taking any action on this motion.

The Clerk of the Superior Court ought not to be in any way embarrassed in this matter as his only purpose is to do his duty—as he sees it.

If, upon the filing of this dual plea, opposing counsel feel aggrieved, they have their remedy.