## ADELE SNYDER
*vs.*
## JEROME RESHENK

Court of Common Pleas   New Haven County   File No. 34352

MEMORANDUM FILED DECEMBER 6, 1943.

*Edward S. Snyder,* and *Beers & Beers,* of New Haven, for the Plaintiff in Error.

*T. Holmes Bracken,* of New Haven, for the Defendant in Error.

CULLINAN, J.  Adele Snyder, the landlord and plaintiff in error, based her original action in summary process on a claimed *bona fide* intention to recover possession of Mr. Reshenk's apartment for immediate use and occupancy by herself and her family.  The action was tried to a jury before Irving

Sweedler, a New Haven Justice of the Peace, with the return of a defendant's verdict adjudicating the issues in favor of the tenant, Mr. Reshenk. Thereafter, a writ of error, to reverse the tenant's judgment, was brought to this court by Mrs. Snyder, and it is this writ which furnishes the basis for the present controversial pleadings.

To the writ of error, Mr. Reshenk has addressed a plea in abatement and to the jurisdiction, claiming, in substance, that the court is without jurisdiction because:

1. The original writ of error, when served, was not accompanied by a bill of exceptions approved and allowed by the trial justice, being accompanied merely by a bill of exceptions containing the notation "presented and filed."

2. An approved and allowed bill of exceptions was not served on the defendant within one week after judgment in the original summary process action.

At this point it is not amiss to observe that the defendant's combined plea to the jurisdiction and in abatement was unnecessary but not improper. *Leventhal Furniture Co., Inc. vs. Crescent Furniture Co., Inc.,* 121 Conn. 343, 347. A plea in abatement is sufficient to raise any issue touching upon the jurisdiction of the court.

To the combined plea, Mrs. Snyder has demurred on three grounds; the first two posing no legal questions which require immediate determination. Therefore, the demurrer is overruled as to paragraphs 1 and 2.

The third ground reaches the heart of the matter, alleging, as it does, that there was no duty on the plaintiff to attach to the writ of error an allowed and approved bill of exceptions at or before the time the writ issued. Judgment in the summary process action entered on July 21, 1943; the writ of error was dated and served on July 28, 1943; and the approved bill of exceptions was filed on August 10, 1943. Since the writ of error was made returnable to the Court of Common Pleas on the first Tuesday of September, 1943, it is evident that both the writ of error and the allowed and approved bill of exceptions were "in court" a considerable period prior to the return day.

However, says the defendant, the court is without jurisdic-

tion since the bill of exceptions was not allowed within a week of the original judgment and since it did not accompany the writ of error at the date of its service.

Section 1665c of the 1935 Cumulative Supplement to the General Statutes provides in part: "A writ of error may be brought from an original judgment in summary process.... but no such writ of error may be allowed or signed more than one week after the rendition of such original judgment." Thus, the defendant claims that the one week grace period applies not only to the allowance or signature of the writ of error but also to the approval and allowance of the bill of exceptions.

I believe the defendant contends for an unduly narrow construction of this statutory provision. It is my conviction that the one week period measures the length of time in which a writ of error must be allowed or signed. I do not view it as placing a limitation on the right of the trial justice to allow a bill of exceptions thereafter. See *Casner vs. Resnik,* 95 Conn. 281, 283. Certainly no prejudice accrued to the defendant by reason of the plaintiff's failure to attach an approved and allowed bill of exceptions to the writ of error prior to its service. The essential documents, including the writ of error and the approved bill of exceptions were on file with the Court of Common Pleas before it convened on the first Tuesday of September, 1943.

Further, it is very frequently the fact that writs of error are not made ready for service until the last few hours of the final day permitted for their allowance or signature. With equal frequence, bills of exception are involved, lengthy cumbersome documents designed to raise errors not apparent on the face of the record. The bill of exceptions in this matter is of that general character. To require a trial justice to review, analyze, approve and allow such a bill of exceptions, as a condition precedent to its being attached to a writ of error before service, would seem to create and place an unreasonable burden never contemplated by the General Assembly.

Pleas in abatement, generally speaking, are not favored (*Budd vs. Meriden Electric R. R. Co.,* 69 Conn. 272, 283) and are entitled to little favor from a court. *Brockett vs. Fair Haven & W. R. Co.,* 73 Conn. 428, 431.

Paragraph 3 of the plaintiff's demurrer to the defendant's combined plea is sustained.