**McNALLY v. REYNOLDS et al.**

**PUNG v. HOPE et al.**

**LAMB v. SAME.**

Nos. 1052–1054.

District Court, W. D. Washington, N. D.

June 2, 1934.

Bayley & Croson, of Seattle, Wash., for complainants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., for defendants.

BOWEN, District Judge.

This matter has been presented to the court in three similar cases on an order to show cause why a temporary injunction should not issue, restraining the Seattle Regional Labor Board, until the matter can be heard on the merits, from arranging an election for the employees of certain mines in Idaho to elect their representatives for collective bargaining with their employers under section 7 (a) of the National Industrial Recovery Act (15 USCA § 707 (a). Plaintiff's counsel limits consideration to his request "for a restraining order, restraining the Board from holding the elections as ordered," pending a full hearing before the court on the merits.

In order to warrant this temporary relief plaintiff must show immediate irreparable injury actual or threatened. U. S. v. Los Angeles & S. L. R. R. Co., 273 U. S. 299, 47 S. Ct. 413, 71 L. Ed. 651; Lawrence v. St. Louis-S. F. R. R. Co., 274 U. S. 588, 47 S. Ct. 720, 71 L. Ed. 1219; Federal Trade Commission v. Claire Furnace Co., 274 U. S. 160, 47 S. Ct. 553, 71 L. Ed. 978.

Plaintiff's principal grievance as disclosed by the complaint is that if the union (a certain labor union named in the complaint) is elected as a representative, he will not be able to bargain with his employer except through the union of which he is not a member. He does not allege that the union as a representative would in fact refuse to represent his interests or is threatening to disregard his interests, nor does he allege that he has a definite contract of service with his employer for a stated period that would be broken as the result of election of the union, nor that the board refuses to place any nominees on the ballot except the union. On the contrary, plaintiff's witness, Hope, testified positively that there were other nominees besides the union on the ballot as ordered, and that plaintiff and the other employees of the mines would have a choice among nominees on the ballot. Plaintiff does not allege that he would actually lose his job or would be accorded treatment different from that of his fellow employees as a result of the nomination and election of the union.

Plaintiff further objects that the union, being an artificial and not a natural person,

is without legal capacity to be placed on the ballot as a nominee for election, and is without legal capacity, if elected, to act as a representative of employees for collective bargaining with their employer under section 7 (a) of the National Industrial Recovery Act (15 USCA § 707 (a), but, by federal statute, " * * * the word 'person' may extend and be applied to partnerships and corporations. * * *" USCA title 1, § 1. Labor unions, customarily, have as their primary object the business of collective bargaining for labor. Plaintiff's objection to the union as a nominee for election and as a representative cannot prevail.

No rights of the plaintiff would be lost by awaiting the action of the board. Lawrence v. St. Louis-S. F. R. R. Co., 274 U. S. 588, 47 S. Ct. 720, 71 L. Ed. 1219.

I have examined the authorities cited by plaintiff but they do not seem to me to be controlling on the application for temporary injunction. They may be more pertinent to the consideration of the matter on the merits at the final hearing.

In view of the facts disclosed by the complaints and of the authorities above reviewed, I am of the opinion that plaintiffs are not entitled to the temporary relief prayed for. The application for a preliminary injunction and restraining order is denied in all three cases.

This decision does not limit the right of plaintiffs to a full and complete final hearing upon all questions on the merits as disclosed by the complaints, and the matter may be brought on for trial or further disposition as early as possible.