### THOMAS et al. v. DENNIS et al.
### No. 1063.

District Court, W. D. Washington, N. D.
Oct. 23, 1934.

E. K. Marohn, of Seattle, Wash., for plaintiffs.

J. Charles Dennis, U. S. Atty., John Ambler, Asst. U. S. Atty., and Evert Arnold, all of Seattle, Wash., for defendants.

BOWEN, District Judge.

This cause is now before the court on the plaintiffs' amended bill of complaint, praying that defendants be enjoined and restrained temporarily until final hearing upon

the permanent injunction, from enforcing section 5, art. 5, and section 12, art. 6, of the Code of Fair Competition, Retail Solid Fuel Industry.

The amended bill of complaint alleges, among other things, that the plaintiffs are small retail independent solid fuel dealers, engaged in selling coal by the sack in the city of Seattle, and are commonly called "sack" coal men or "unequipped dealers"; that the Retail Solid Fuel Code was drafted and submitted to the President by a committee consisting of representatives of the National Retail Merchants' Association and major retail fuel dealers of the United States; that plaintiffs had no part in the drafting or formation of the terms of the Code or its rules and did not sign the Code, but have acquiesced in and have operated under the Code after its approval by the President; that the cost determinations for the Seattle Trade Area, claimed to be in effect, were not arrived at in accordance with the provisions of the Code, sections 4 to 6, inclusive, in that the National Administrator did not decide there had been price cutting, but that the local Code authorities determined the costs and asked for confirmation and have so far failed to obtain confirmation by the National Administrator; that the cost determinations are not legally in effect; that plaintiffs can obtain no relief from the local Code authorities and believe that prices will be advanced and not lowered; that the prices claimed to be in effect and which are likely to be put in effect will irreparably injure plaintiffs in their business; and that plaintiffs' constitutional rights will thereby be violated, in that they will be denied equal protection of the laws, contrary to the United States Constitution, and in that the President's authority under the National Industrial Recovery Act (48 Stat. 195) is an unlawful delegation of legislative authority contrary to U. S. Const. art. 1, § 8, cls. 3 and 18.

Plaintiffs further allege, in effect, that through the public press the local Code authorities have announced their intention to enforce the Code prices on all dealers; that a member of the local board has, in a letter, said "compliance is assured, now you can use your own judgment as to what this means"; and that plaintiffs must comply with the cost determinations or price lists, or that prosecution will follow.

Plaintiffs, however, do not allege that they have exhausted their avenues of relief or appeal provided by the Code machinery, and they do not allege that they will be unable to question the validity or constitutionality of the Code, or the National Recovery Act under which it was approved, in any enforcement proceedings which might be instituted by or at the request of the administrative authorities.

The immediate question here at issue concerns not merely the legal construction of the N R A, or the Retail Solid Fuel Code or related regulations, but questions of fact in aid of such construction, and questions of administrative discretion, rule, practice, and procedure of paramount importance, are likewise involved here.

In the case of Stanley v. Peabody Coal Co., 5 F. Supp. 612, at page 617[2], referring to the Bituminous Coal Code, the District Court for the Southern District of Illinois held that the avenues of relief or appeal provided by that Code must first be exhausted before applying to the courts, "for in no event can a controversy of this kind be taken into the courts until such remedies as are provided have been exhausted. Such has been the holding of the United States Supreme Court construing the Interstate Commerce Act (49 USCA § 1 et seq.), the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15 note), and the Shipping Act (46 USCA § 801 et seq.). Probably the latest discussion of the subject by the Supreme Court was in United States Navigation Co., Inc., v. Cunard Steamship Co., Limited, 284 U. S. 474, 52 S. Ct. 247, 249, 76 L. Ed. 408."

In Federal Trade Comm. v. Claire Furnace Co., 274 U. S. 160, 47 S. Ct. 553, 71 L. Ed. 978, and in Lawrence v. St. Louis-S. F. R. Co., 274 U. S. 588, 47 S. Ct. 720, 71 L. Ed. 1219, it was held that where the validity of laws or administrative orders under them may be fully contested in proceedings brought by the administrative officers to enforce them, such proceedings offer an adequate legal remedy to those objecting to such orders and laws as unconstitutional, and therefore a bill in equity to enjoin the administrative authorities from taking steps to enforce such orders will not lie. That, also, was the ruling of this court in the recent case of McNally v. Reynolds et al., 7 F. Supp. 112, syllabus 4. In the case at bar, plaintiffs do not allege that they could not assert the same objections made here as defensive measures should actions be instituted by the Code authorities against them for violation of the Code or regulations under it. Likewise, there is no showing here that plaintiffs could obtain no relief if they took advantage of the proceedings provided by the Code for review by a higher Code au-

thority of the action of the local Code authorities. An available remedy must be sought from the reviewing Code authorities before the jurisdiction of the equity courts can be invoked, where, as in this case, questions of administrative discretion, rule, practice, and procedure are involved. U. S. Nav. Co. v. Cunard S. S. Co., 284 U. S. 474, at pages 481–486, 52 S. Ct. 247, 76 L. Ed. 408.

For the foregoing reasons, and upon the authorities, among others, above noted, plaintiffs have not stated facts warranting the relief prayed for in this action. The motion of the plaintiffs for temporary injunctive relief is denied, and the motion of the defendants to dismiss must be granted, for the reason that the court now has no jurisdiction of the parties or of the subject-matter contained in the amended bill.