### McDERMOTT v. BRADFORD et al. (WOODIS, Intervener). No. 531.

District Court, W. D. Washington, S. D. March 29, 1935.

Joseph P. McDermott, of Seattle, Wash., pro se.

J. Charles Dennis, U. S. Atty., and John Ambler, Asst. U. S. Atty., both of Seattle, Wash., and George J. Feldman, Sp. Counsel, Litigation Division, NRA, of Washington, D. C., for defendants James E. Bradford and R. D. Horning.

W. A. Toner, Asst. Atty. Gen., State of Washington, for Clarence D. Martin, Governor of Washington and G. W. Hamilton, Atty. Gen., state of Washington.

Hoof & Winston, of Seattle, Wash., for Charles Woodis, as President of and on behalf of Seattle Barber Shop Owners' Ass'n, intervener.

L. Presley Gill, of Seattle, Wash., for Journeymen Barbers International Union, Local No. 195, petitioner.

Before GARRECHT, Circuit Judge, and BOWEN and CUSHMAN, District Judges.

BOWEN, District Judge (after stating the facts as above).

Plaintiff does not allege that he has exhausted his avenues of relief or appeal provided by the state statute in question or the barbers' code or regulations thereunder, nor that he will be unable to question the validity or constitutionality of the statute or code or acts done or threatened thereunder in any enforcement proceedings which may be instituted by or at the request of the enforce-

ment officials. Nor is it alleged by plaintiff that he has been deprived of any hearing provided by the statute or code or administrative regulations applicable thereto, as was alleged in the otherwise analogous case of United Truck Lines, Inc., a corporation, v. Department of Public Works et al., Cause No. 528, in equity, memorandum decision in which was filed in this court January 21, 1935.

The immediate question here at issue concerns not merely the legal construction of the legislative act or code or regulations pursuant thereto, but questions of fact in aid of such construction and questions of administrative discretion, rule, practice, and procedure of paramount importance, such as determining the nature of the relationship existing between plaintiff and his associate barbers and whether or not plaintiff's business does in fact come under the provisions of the state statute or code or any regulations applicable thereto, are likewise involved here.

That situation was ruled upon in the case of Stanley v. Peabody Coal Co., 5 F. Supp. 612, at page 617, where, in referring to the bituminous coal code, the District Court for the Southern District of Illinois said: "* * * In no event can a controversy of this kind be taken into the courts until such remedies as are provided have been exhausted. Such has been the holding of the United States Supreme Court construing the Interstate Commerce Act (49 USCA § 1 et seq.), the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15 note), and the Shipping Act (46 USCA § 801 et seq.). Probably the latest discussion of the subject by the Supreme Court was in United States Navigation Co., Inc., v. Cunard Steamship Co., Limited, 284 U. S. 474, 52 S. Ct. 247, 249, 76 L. Ed. 408."

■ It is also an established rule of the United States Supreme Court that where the validity of laws or administrative orders under them may be fully contested in proceedings brought by the administrative officers to enforce them, such proceedings offer an adequate legal remedy to those objecting to such orders and laws as unconstitutional, and therefore a bill in equity to enjoin the administrative authorities from taking steps to enforce such orders will not lie. Federal Trade Commission v. Claire Furnace Co., 274 U. S. 160, 47 S. Ct. 553, 71 L. Ed. 978; Lawrence v. St. Louis-S. F. Ry. Co., 274 U. S. 588, 47 S. Ct. 720, 71 L. Ed. 1219. That, also, was the ruling of the United States District Court for the Western District of Washington, Northern Division, Bowen, District Judge, in the recent cases of McNally v. Reynolds, 7 F. Supp. 112, and Thomas v. Dennis, 8 F. Supp. 501.

■ But, as previously noted, plaintiff in his complaint in this action does not allege that he has been deprived of any of the avenues of relief or appeal provided by the statute or code or regulations applicable or pursuant thereto, nor is it alleged that he would be deprived of any of his constitutional or legal rights if proceedings by or against him should be instituted in the Supreme Court of the state of Washington as provided in section 4 (b) of the questioned statute, nor that plaintiff has by any one been denied any hearings to which, under the Constitution, laws, or questioned statute or code or regulations applicable thereto, he is entitled.

It makes no difference here whether a state statute or a code of fair competition is involved. The principles above announced are equally applicable to both. Plaintiff can, in any enforcement proceedings which may be brought against him, assert as defenses the same constitutional rights which are asserted here, and where that is the situation, as it is here, he has an adequate remedy at law. His bill in equity fails to state facts sufficient to entitle him to the equitable relief prayed for.

Having reached the conclusions stated, the discussion of other matters presented is not necessary.

The motion to vacate the order allowing intervention will be denied.

The interlocutory injunction prayed for will be denied, and the motion to dismiss the bill of complaint will be granted.

Any order or orders embodying the foregoing rulings will be tentatively settled upon notice before Judge Bowen at Tacoma in the afternoon of any motion day, subject to consideration by other members of the court.

The clerk is directed to notify the attorneys appearing herein of the filing of this decision.

CUSHMAN, District Judge (dissenting).

I am unable to concur in the decision of the majority.

This suit is one under title 28 USCA § 380 to enjoin defendants from the enforcement or attempt to enforce chapter 50, p. 119, of the Laws of the Extraordinary Ses-

sion of the Washington state Legislature, 1933, known as the "Washington State Industrial Recovery Act" (Laws 1933, Ex. Sess., p. 119, Rem. Rev. Stat. of Wash., 1934 Annual Pocket Part, §§ 7657—1 to 7657—10).

The majority holds that plaintiff's bill should be dismissed and interlocutory injunction denied because plaintiff has not "exhausted his avenues of relief or appeal provided by the state statute in question or the Barbers Code or regulations thereunder, nor that he will be unable to question the validity or constitutionality of the statute or Code or acts done or threatened thereunder in any enforcement proceedings which may be instituted by or at the request of the enforcement officials. Nor is it alleged by plaintiff that he has been deprived of any hearing provided by the statute or Code or administrative regulations applicable thereto."

If it be conceded (a matter not beyond question, City Bank Farmers' Trust Co. v. Schnader, 291 U. S. 24–29–34, 54 S. Ct. 259, 78 L. Ed. 628) that lack of such showing, if there was provision in the act for review, would support the determination of the majority, yet no review by appeal or provision for a hearing is made by the statute in question.

As to the adequacy of a remedy by any review pursuant to the barbers' code or regulations thereunder, it is to be noted that the plaintiff's attack is upon the statute itself which undertook to adopt at its enactment the then nonexistent barbers' code. His complaint is not of the abuse of power possessed, but of a total absence of power because of such course. In such case an immediate resort to the court is not premature. Village of Euclid v. Ambler Realty Co., 272 U. S. 365–386, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Terrace v. Thompson, 263 U. S. 197–215, 44 S. Ct. 15, 68 L. Ed. 255; Pierce v. Society of the Sisters, 268 U. S. 510–535, 45 S. Ct. 571, 69 L. Ed. 1070, 39 A. L. R. 468; Yarnell v. Hillsborough Packing Co. (C. C. A.) 70 F.(2d) 435–438.

Concerning the ability of plaintiff to defend himself upon the grounds alleged in the bill in any enforcement proceeding brought under the statute being an adequate remedy, in a case such as the present, where such a suit would be in a state court and there is in the act in question provision for a fine of $500 for each offense, and each day the violation continues is by the act made a separate offense (section 4 (a) of the act, Rem. Rev. Stat. of Wash. § 7657—4 (a), the opportunity for such a defense is not an adequate remedy. Ex parte Young, 209 U. S. 123–163–167, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Oklahoma Operating Co. v. Love, 252 U. S. 331–336, 40 S. Ct. 338, 64 L. Ed. 596; Life & Casualty Ins. Co. v. McCray, 291 U. S. 566–574, 575, 54 S. Ct. 482, 78 L. Ed. 987; City Bank Farmers' Trust Co. v. Schnader, supra.

Consideration herein will be limited to the effect, if any, to be given the state statute, and particularly section 4 (a) thereof (Laws 1933, Ex. Sess., p. 121, § 4; Rem. Rev. Stat. of Wash. 1934 Annual Pocket Part, § 7657—4 (a), which provides: "Sec. 4. (a) *When* a code of fair competition has been approved or prescribed by the President under the National Industrial Recovery Act, any violation of any provision thereof in any transaction within this state not in or affecting 'interstate or foreign commerce' within the definition thereof as aforesaid, shall be a misdemeanor and, upon conviction thereof, *an offender shall be fined not more than five hundred dollars ($500) for each offense, and each day such violation continues shall be deemed a separate offense."* (Italics now supplied.)

This act was approved January 17, 1934. The code of fair competition for the barber shop trade was, by the President, approved, as alleged, some three months later upon April 19, 1934.

Section 1 of chapter 50, supra, p. 119, recites and declares: "Section 1. A state-wide emergency productive of widespread unemployment and disorganization of industry, which burdens commerce, affects the public welfare and undermines the standards of living of the people of the State of Washington hereby is declared to exist, and it hereby is recognized that such an emergency exists throughout the nation. It hereby is declared to be the policy of this state to provide for the general welfare by cooperating with and assisting the national government in promoting the organization of industry for the purpose of cooperative action among trade groups, to induce and maintain united action of labor and management under adequate governmental sanction and supervision, to eliminate unfair competitive practices, to promote the fullest possible utilization of the present productive capacity of industry, to avoid undue restriction of production except as may be temporarily required, to increase the consump-

tion of industrial and agricultural products, increasing purchasing power, to reduce and relieve unemployment, to improve standards of labor, and otherwise to rehabilitate industry and conserve natural resources, and otherwise as announced in the Act of Congress entitled: 'An Act to encourage national industrial recovery, to foster fair competition, and to provide for the construction of certain useful public works, and for other purposes, 'approved June 16, 1933, and known as the 'National Industrial Recovery Act.' "

Whether viewed as a law relating to the regulation of an occupation, hours, wages, and conditions of labor, or for the general welfare, chapter 50 is a law based on the police power of the state—a power reserved to the state—a power not conferred by the Constitution. Among the many decisions so holding, the following are sufficient for the present purpose: In re Rahrer, 140 U. S. 545, 554, 11 S. Ct. 865, 35 L. Ed. 572; Keller v. United States, 213 U. S. 138, 144, 29 S. Ct. 470, 53 L. Ed. 737, 16 Ann. Cas. 1066; House 'v. Mayes, 219 U. S. 270, 282, 31 S. Ct. 234, 55 L. Ed. 213; Chicago, Rock Island & Pacific Ry. Co. v. Arkansas, 219 U. S. 453, 465, 31 S. Ct. 275, 55 L. Ed. 290.

The right to exercise the police power, the state Legislature can not alienate, surrender or abridge by any delegation of power. The Legislature cannot abdicate its function and so adopt the unknown and unknowable. Boston Beer Co. v. Massachusetts, 97 U. S. 25–33, 24 L. Ed. 989; Stone v. Mississippi, 101 U. S. 814, 25 L. Ed. 1079; Butchers' Union Co. v. Crescent City Co., 111 U. S. 746–751, 4 S. Ct. 652, 28 L. Ed. 585; Powell v. Pennsylvania, 127 U. S. 678–683, 8 S. Ct. 992, 1257, 32 L. Ed. 253; Missouri, Kansas & Texas Railway Co. et al. v. Oklahoma, 271 U. S. 303–307, 46 S. Ct. 517, 70 L. Ed. 957; E. C. Warner Co. v. W. B. Foshay Co. (C. C. A.) 57 F.(2d) 656–663.

Although the application of this rule made in the following case may be questioned, United States v. Winans, 198 U. S. 371, 25 S. Ct. 662, 49 L. Ed. 1089, that fact takes nothing from its recognition by the Supreme Court of the state: "The police power is not confined to subjects of safety, but extends to those of convenience and prosperity. Chicago, B. & Q. R. Co. v. People of State of Illinois ex rel. Drainage Com'rs, 200 U. S. 561, 592, 26 S. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175. It undoubtedly extends to the conservation of fish. Smith v. Maryland, 18 How. 71, 15 L. Ed. 269. Nor is it given up, nor can it be given up, by any Legislature to the national government." State v. Towessnute, 89 Wash. 478 at page 485, 154 P. 805, 808.

Concerning the effect of the declaration of the emergency described in section 1 of chapter 50, it has been held that the mere existence of a state of war did not suspend the guarantees of the Fifth and Sixth Amendments. United States v. L. Cohen Grocery Co., 255 U. S. 81 at page 88, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045. See, also, Darweger v. Staats et al., 153 Misc. 522, 275 N. Y. S. 394, November 13, 1934 (McNaught, J.).

Reaching the conclusion stated, it appears to the undersigned that the motion to dismiss should be denied and an interlocutory injunction granted in so far as the state and county officers are concerned.