## PITTSBURGH COAL CO. v. BELL, Acting Collector of Internal Revenue, et al.

## UNION COLLIERIES CO. v. SAME.
### Nos. 3150, 3153.

District Court, W. D. Pennsylvania.
Dec. 20, 1935.

Rose & Eichenauer, of Pittsburgh, Pa., for plaintiffs.

Horatio S. Dumbauld, U. S. Atty., and Orris Bennett, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., and John S. L. Yost, Sp. Asst. to Atty. Gen., of Washington, for defendants.

SCHOONMAKER, District Judge.

These cases came on to be heard on the motion of each plaintiff for a preliminary injunction to restrain the defendants, pending final determination of these causes, from collecting a certain so-called tax imposed upon the plaintiffs by the provisions of the Bituminous Coal Conservation Act of 1935 (15 U.S.C.A. § 801 et seq.) on the ground that said act is unconstitutional and void. The motions were based on the plaintiff's sworn bills of complaint and sup-

38

porting affidavits. No answers have as yet been filed by the defendants, but they appeared by counsel and opposed the granting of the preliminary injunction asked for by the plaintiffs.

We are of the opinion that a preliminary injunction should issue in these cases; and we file herewith our findings of fact and conclusions of law which constitute the grounds of our action.

We arrive at this result because doubt exists in our minds as to the constitutionality of this act; and due process would therefore require that the plaintiffs have opportunity to test the constitutionality of the act free from the imposition of the heavy penalties provided for by the act in the case of coal producers who do not accept the Code set up in the act and carry on under its provisions. Cotting v. Godard (Kansas City Stock Yards Co.), 183 U.S. 79, 101, 22 S.Ct. 30, 46 L.Ed. 92; Ex Parte Young, 209 U.S. 123, 146, 147, 148, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.(N.S.) 932, 14 Ann.Cas. 764; Missouri Pacific Railway Company v. Tucker, 230 U.S. 340, 349, 33 S.Ct. 961, 57 L.Ed. 1507; Wadley Southern Railway Company v. George, 235 U.S. 651, 661, 662, 35 S.Ct. 214, 59 L.Ed. 405; Oklahoma Operating Co. v. Love, 252 U.S. 331, 336, 338, 40 S.Ct. 338, 64 L.Ed. 596.

The defendants contend that there is no necessity for applying the doctrine of the cases above cited, for the reason that the Bituminous Coal Act itself provides an adequate remedy to the plaintiffs, that all they need to do is to bring themselves within the provisions of this act by filing a written acceptance of membership in the Bituminous Coal Code, and then raise the questions of validity of the various provisions of the act as occasion arises in the course of operation thereunder, because the provisions of section 3 of the act (15 U.S.C.A. § 804) and the written acceptance of membership in the Code expressly reserve the right to the coal operator to test the constitutionality of any provision of the Code or its validity as applicable to the producer. This argument is not sound. The plaintiffs are contesting the constitutionality of the whole act, and this right might be lost to them by voluntarily becoming members of the Code set up in the act. It seems absurd that a producer of coal should be required to accept the Code with the express intention of violating it in order to be in a position to test its validity. Then, too, it must be pointed out that there is no provision in the act for testing the validity of

agreements as to wages and hours which must be accepted by Code members under section 4(g), 15 U.S.C.A. § 808(g), nor is there any provision in the act under which noncode members can contest the constitutionality of the act or any of its provisions.

As we view the situation, relief by way of preliminary injunction pending the final determination of the constitutionality of this act is the only remedy open to the plaintiffs which will save them immediate and certain irreparable injury. Solely by reason of their refusal to join voluntarily in the Code, these plaintiffs are subjected by the terms of the act to a so-called tax of 15 per cent. on all their sales. Those who do join the Code pay only 1½ per cent. on all their sales. The noncode members are therefore penalized 13½ per cent. for not joining the Code. Although called a tax, this imposition is in fact a penalty. The effective date of this imposition is November 1, 1935, and the so-called tax has been accruing since that time. The first payment is required on January 2, 1936; and it is estimated that by that time there will have accrued against the Pittsburgh Coal Company $266,058.28, and against the Union Collieries Company, $32,137.40. Failure to pay subjects their property to distraint, levy, and sale, as well as to subject them to additional penalties for failure to pay. Then, too, section 10 (a) of the act (15 U.S.C.A. § 814(a) apparently requires reports of all coal producers, both those who are Code members and those who are not; and if these reports are not forthcoming, a penalty of $50 a day accrues under the provisions of 10(c) of the act (15 U.S.C.A. § 814(c).

The constitutionality of the whole act being raised by the bill of complaint, this penalty of $50 a day would be an additional penalty to which plaintiffs would be subject if they did not comply with an act whose constitutionality they are seeking to contest.

Counsel for the defendants also contend that plaintiffs' right to an injunction is barred by section 3224 of the Revised Statutes (26 U.S.C.A. § 1543) under the ruling of the Supreme Court in Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816. If this 15 per cent. were merely a tax, the objection would be good, but in our view the so-called tax is a penalty imposed for not joining the Code. In any event, even if a tax, we believe that the extraordinary and exceptional circumstances of trying to coerce coal producers into be-

coming Code members by imposing a tax sufficiently large to prevent a coal company from doing business when his competitor members of the Code are subject to no such imposition, presents such a situation as would take these cases out of the statute, as suggested by Bailey v. George, supra.

We do not now express any firm opinion as to the constitutionality of this act. We prefer to withhold the final consideration and determination of that question until final hearing on bill, answer, and proofs.

We do not now go farther than to express the opinion that there is serious doubt as to the constitutionality of this act, and that a preliminary injunction should issue pending final determination of all the issues that may be raised by the bills of complaint, answers, and proofs.

Decree for a preliminary injunction in accordance with this opinion and our findings of fact and conclusions of law may be submitted.