EASTERN OIL REFINING COMPANY, INC. *v.* COURT OF
BURGESSES OF WALLINGFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and DALY, Js.

Argued January 5—decided March 2, 1944.

*Joseph N. Manfreda,* for the appellant (defendant).

*Spencer S. Hoyt,* for the appellee (plaintiff).

BROWN, J. By this action the plaintiff sought to have vacated the named defendant's order that it cease operating its oil refining plant in Wallingford, and also injunctive relief. The court rendered judgment for the plaintiff and the defendant has appealed. The following is a summary of the undisputed facts material to our decision. The plaintiff owned a building in Wallingford which it remodeled and equipped for use as an oil refinery at an expense of $15,000. In July, 1941, it began operating on a commercial basis, re-refining used crankcase and cutting oil. The plant is located on the main line of the railroad at the edge of a residential neighborhood where are also foundries, steel mills, gasoline stations and lumberyards. As originally operated it gave off sulphur vapors and gases having a mercaptan odor. These gases on windy days were carried into the homes of nearby residents. On their complaint that the odors were objectionable, the plaintiff on March 6, 1942, was served with notice to attend a hearing before the defendant court of burgesses on March 10 to determine whether its business was a nuisance and whether it caused unreasonable annoyance to persons living in the vicinity.

The hearing was convened pursuant to a by-law enacted by the defendant the preceding day empowering it to condemn as a nuisance the use of "any building or premises for the purpose of carrying on any trade, business, or manufacture in said borough which in the opinion of the Court of Burgesses is prejudicial to public health, or an unreasonable annoyance to persons, firms or corporations owning property or living in the vicinity of the place where said trade, business, or

manufacturing is conducted." This was adopted under authority of § 48 of the borough charter (9 Spec. Laws 124), which provides that "The court of burgesses shall have full power, under the restrictions otherwise provided in this act, to make, alter, repeal, and enforce such by-laws as they shall see fit, in relation to the following subjects within the limits of said borough, to wit: the prevention of nuisances of all kinds arising from sinks, cess-pools, privies . . . or any other cause whatever, and their summary abatement by said court of burgesses, or any person . . . by them appointed thereto." Neither the charter nor any ordinance or by-law passed under it applicable to the plaintiff prohibited the maintenance or operation of an oil refining plant within the borough, or declared such a plant to be a nuisance. At the hearing, neighboring residents testified that the plant emitted objectionable and offensive odors interfering with the use of their homes and affecting their health, while the plaintiff's president testified that equipment had been ordered which when installed would eliminate the odors complained of. On March 11, 1942, the defendant in compliance with the provisions of the ordinance notified the plaintiff that the operation of its plant was declared a nuisance, and further ordered it "to immediately stop and cease your present method of the operation of the plant which has caused the emissions of objectionable and offensive odors and smells, until such time as you can demonstrate and prove to the satisfaction of the Court of Burgesses that either through equipment installed, or otherwise, you can so operate said business, without the emission of such offensive, objectionable and noxious odors and smells and without causing an unreasonable annoyance to people owning property or living in the vicinity of the plant and without being a nuisance."

The plaintiff immediately thereafter brought this action. It secured a temporary injunction against the enforcement of the order which was subsequently dissolved and later reinstated in a modified form by agreement of the parties. The plaintiff installed machinery and equipment designed to eliminate all noxious odors. At the final hearing of the case the trial court held that the plaintiff had the right to appeal from the order and that on that appeal it was entitled to a judicial determination of whether the operation of its plant was prejudicial to public health or an unreasonable annoyance to those living or owning property in the neighborhood; the court concluded upon the basis of the evidence and its own inspection of the premises that the operation of the plant did not constitute a nuisance and that the order of the court of burgesses that the plaintiff cease operating its plant was unreasonable and arbitrary; and the court held that the order should be set aside and the defendant be restrained from interfering in any way with the operation of the plaintiff's plant.

The question determinative of the merits of this appeal is whether the defendant's order of March 11, 1942, was warranted under the powers conferred by the charter. Whether, in view of the broad provision of the charter, the court of burgesses could pass an ordinance of general effect forbidding the establishment or maintenance of oil refineries such as that of the plaintiff in the town or in the portion of it where the plaintiff's plant is located, we are not called upon to decide. See *Levine* v. *Board of Adjustment of New Britain*, 125 Conn. 478, 482, 7 Atl. (2d) 222. Here no such enactment by the defendant is involved. By its order complained of condemning the operation of the plaintiff's plant as a nuisance, the defendant professed to be exercising a power specified in its ordi-

nance of March 5, 1942, to "determine" this question and to "make such order . . . preventing or regulating" it as deemed necessary. This, "instead of being a legislative determination to which by law it was limited was an unauthorized judicial pronouncement." *Oklahoma City* v. *Dolese,* 48 Fed. (2d) 734, 738.

Such a pronouncement was unwarranted because it involved the exercise of a power not granted by the charter, and was unconstitutional. In the *Dolese* case just quoted, which in its essential facts is on all fours with this case, the opinion continues: "Legislation consists of formulating a rule for the future. A judgment applies the law to past or present facts. *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; *In re County Commissioners,* 22 Okl. 435, 98 P. 557. But no future rule was declared which was applicable to the like industries. There was only an adjudication on the facts pertaining to one of them. . . . The ordinance fails as a legislative proceeding." In an injunctive action against a city where the question was whether an ordinance passed by it under its power to establish and clear wharf lines was valid in declaring a wharf built by the plaintiff on a river shore to be an obstruction to navigation and a nuisance, in the course of its opinion granting relief to the plaintiff the court used these words, which are pertinent to the question before us: "It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the

temporary local authorities." *Yates* v. *Milwaukee,* 10 Wall. (77 U. S.) 497, 505, 19 Law Ed. 984. In the instant case neither the charter provision authorizing the adoption of by-laws for the "summary abatement" of nuisances as well as for their "prevention" nor the fact that the defendant in enacting the ordinance under which it professed to have acted had provided for notice and opportunity to defend prior to the issuance of its order is effective to extend its powers beyond those of legislation already stated. *Reagan* v. *Texarkana,* (Tex. Civ. App.) 238 S. W. 717, affd., 112 Tex. 317, 247 S. W. 816; *Crossman* v. *Galveston,* 112 Tex. 303, 313, 247 S. W. 810.

This case is the counterpart of the more usual one where an ordinance provides that no one shall carry on a certain business in the absence of a license or permit, without specifying any standards for the issuance of such a permit. Where a city council has reserved the right to grant or withhold permits of this type, it has been held unconstitutional on the ground just stated. *Heerdt* v. *Portland,* 8 Fed. (2d) 871, 872; *Richmond* v. *Dudley,* 129 Ind. 112, 116, 28 N. E. 312; *Monticello* v. *Bates,* 169 Ky. 258, 267, 183 S. W. 555; *Lynch* v. *North View,* 73 W. Va. 609, 612, 81 S. E. 833. The defendant's unauthorized nonlegislative pronouncement predicated on no requirement or standard prescribed by any existing statute or ordinance and operative upon the use made of the property of the plaintiff only was unwarranted and void. Therefore, on the record before us, the court's vital conclusion was correct. This being so, the fact that the court relied upon a wrong theory does not render it erroneous. Conn. App. Proc., § 18; *Thompson* v. *Coe,* 96 Conn. 644, 652, 115 Atl. 219; *Casner* v. *Resnik,* 95 Conn. 281, 283, 111 Atl. 68; *Slade* v. *Zeitfuss,* 77 Conn. 457, 461, 59 Atl. 406;

*Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 653, 13 Atl. (2d) 675.

A further conclusion by the court was that the plaintiff had the right to appeal from the defendant's order. The defendant's contention is that, since the statute provides for no appeal, the right of appeal from this order cannot exist. Although words used in connection with the plaintiff's complaint suggest that this proceeding was in the nature of an appeal to the Court of Common Pleas, the writ, complaint and prayers for relief are sufficient and in proper form to institute an original cause of action for the decree and equitable relief sought, and the legal effect is not destroyed by the references to an appeal, which may be rejected as surplusage. *Folwell* v. *Howell,* 117 Conn. 565, 571, 169 Atl. 199. The ordinance in question provided that anyone who shall violate an order passed under it "shall be fined a sum of Fifty ($50.00) dollars for each and every day that said order is violated or its terms not complied with." Accordingly, the court's further holding in *Oklahoma* v. *Dolese,* supra, likewise applies in this case: "The company was entitled to a remedy by injunction in this case. It was not obliged to face the penalties imposed by the ordinance in testing its validity. *Ex parte Young,* 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; *Oklahoma Operating Company* v. *Love,* 252 U. S. 331, 40 S. Ct. 338, 64 L. Ed. 596." *Scudder* v. *Greenwich,* 127 Conn. 71, 14 Atl. (2d) 728. There being no error, for the reason already stated, in the court's conclusion that the order was void and of no legal effect, whether it regarded the proceeding as an appeal is immaterial.

By reason of our conclusions above set forth it is unnecessary to discuss either the rulings on evidence or

the overruling of the defendant's claims of law assigned as error.

There is no error.

In this opinion the other judges concurred.