**A. & M. BRAND REALTY CORP. v. WOODS, Housing Expediter.**

Civ. A. No. 3209–50.

United States District Court District of Columbia.

Nov. 2, 1950.

---

Nathan Siegel, of Washington, D. C., for the defendant, for the motion.

Sol D. Greenstien, of New York City, opposed.

HOLTZOFF, District Judge.

This case involves the fundamental question whether an order of the Housing Expediter under the Housing and Rent Act of 1947, U.S.C.A., Title 50 Appendix, § 1881 et seq. is subject to judicial review. The Act contains no provision for judicial review. Moreover, the Act excludes the Housing Expediter from the provisions of the Administrative Procedure Act, 5 U.S. C.A. § 1001 et seq. These considerations are not necessarily dispositive of the question at issue.

The Administrative Procedure Act contains provisions relating to many other matters than judicial review. For example, it regulates rule-making and intra-agency procedure and other similar matters. It was apparently the intention of Congress not to subject the Housing Expediter to any of these restrictions on his activities. True the Administrative Procedure Act also provides for judicial review of certain actions of administrative agencies, and necessarily the Housing Expediter is not subject to those provisions. If judicial review of administrative action were solely dependent on the Administrative Procedure Act, then clearly there would be no judicial review of an order of the Housing Expediter.

Judicial review of administrative action, however, existed long before the Administrative Procedure Act was enacted.

The purpose of that Act was to extend judicial review that had previously existed and to prescribe procedure and scope of judicial review. Such judicial review as existed outside of the Act remained unaffected by it.

■ The order involved in this action is an order fixing rents. It is very similar to orders fixing rates of public utilities. It is well established as a matter of constitutional law that the fixing of rates or prices is a legislative function, and is a function that may be delegated to an administrative agency. The action of the administrative agency, however, may not be made final. The question whether the action of the rate-fixing body results in confiscation and, therefore, deprivation of property without due process of law, is always open to judicial review. If the Act had provided to the contrary, or were construed to exclude judicial review, a serious question of the constitutionality of the law would arise.

The principle to which the Court has adverted has been established in a series of decisions by the Supreme Court of the United States. Chicago, M. & St. P. Railway Co. v. State of Minnesota, 134 U.S. 418, 456–457, 10 S.Ct. 462, 466, 33 L.Ed. 970, contains the following significant remarks: "This being the construction of the statute by which we are bound in considering the present case, we are of opinion that, so construed, it conflicts with the constitution of United States in the particulars complained of by the railroad company. It deprives the company of its right to a judicial investigation, by due process of law, under the forms and with the machinery provided by the wisdom of successive ages for the investigation judicially of the truth of a matter in controversy, and substitutes therefor, as an absolute finality, the action of a railroad commission which, in view of the powers conceded to it by the state court, cannot be regarded as clothed with judicial functions, or possessing the machinery of a court of justice." The same result was reached in Covington, etc., Turnpike Co. v. Sanford, 164 U.S. 578, 592 et seq., 17 S.Ct. 198, 41 L.Ed. 560; Smyth v. Ames, 169 U.S. 466, 526, 18 S.Ct. 418, 42 L.Ed. 819; Missouri Pacific Ry. Co. v. Tucker, 230 U.S. 340, 349, 33 S.Ct. 961, 57 L.Ed. 1507; Oklahoma Operating Co. v. Love, 252 U.S. 331, 335, 40 S.Ct. 338, 64 L.Ed. 596.

In Smyth v. Ames [169 U.S. 526, 18 S.Ct. 426], to which reference has just been made, Mr. Justice Harlan made the following statement: "While rates for the transportation of persons and property within the limits of a state are primarily for its determination, the question whether they are so unreasonably low as to deprive the carrier of its property without such compensation as the constitution secures, and therefore without due process of law, cannot be so conclusively determined by the legislature of the state, or by regulations adopted under its authority, that the matter may not become the subject of judicial inquiry."

■ It is well settled that if a statute is subject to two constructions, one of which would raise a doubt as to constitutionality and the other would render the statute clearly constitutional, the court would prefer the second of the two interpretations.

■ The Court, therefore, construes the statute to contemplate judicial review in an appropriate proceeding. If the statute, however, is not to be so construed, then in any event this Court may examine the question whether an order of the Expediter results in a deprivation of property without due process of law, that is, whether it is confiscatory. Naturally, the scope of review is narrower than that provided by the Administrative Procedure Act. Probably the only question that may be examined is whether the rate fixed is confiscatory. That, however, is a matter that need not be definitely determined on this motion.

In view of these considerations, the Court reaches the conclusion that judicial review may be had of an order of the Expediter. Accordingly, the Expediter's motion to dismiss the complaint is denied.